LEE WAYNE COMPANY, INC., a Foreign Corporation, Appellee,

v.

Bill PRUITT, Appellant.

No. 48797.

Court of Appeals of Oklahoma, Division No. 1.

April 13, 1976.

Released for Publication by Order of Court of Appeals May 20, 1976.

Berry & Collins, Inc., Ponca City, for appellee.

Duffy, Johnson & Leonard, Ponca City, for appellant.

REYNOLDS, Presiding Judge:

Do the relaxed rules of pleading and evidence in a small claims procedure permit a plaintiff to recover on the basis of an affidavit and other evidence that is not authenticated by a witness?

The plaintiff, Lee Wayne Company, Inc., a foreign corporation, filed an action on the small claim docket to recover $140.83 from the defendant, Bill Pruitt, for "breach of contract for payment of money . . . ." The trial, postponed twice, was held on July 23, 1975. No witnesses were subpoenaed or sworn and neither party appeared personally, both making appearance by counsel. Plaintiff's attorney offered as evidence of plaintiff's claim an affidavit of Glenn O. Dohner, an officer (of unstated capacity) of plaintiff corporation, that the defendant was indebted to the plaintiff, an itemized statement on plaintiff's letterhead, an order for 100 T-shirts bearing the signature, Bill Pruitt, copy of what appears to be an invoice, copies of two letters and a sample T-shirt. The defendant objected to the admission of the evidence. The objection was overruled and the court granted judgment to the plaintiff for $106.30 plus the costs of the action and an attorney fee in the amount of $50. The defendant's counsel announced his intention to appeal whereupon the trial court found that in the event the defendant prevailed that a reasonable attorney's fee would be $50. Both parties submitted narrative statements of the case to the trial court as permitted by 12 O.S.1971, Ch. 15, App. 2, Rule 1.22.

The defendant asserts that the affidavit and the other evidence submitted by the plaintiff's attorney are not admissible into evidence over the objection of the defendant. There is no contention by the plaintiff that the evidence was otherwise admissible under the rules of evidence and it does not appear, without further research, that they were. The plaintiff asserts, however, that under authority of *Black v. Littleton*, Okl.App., 532 P.2d 486 (1975) the trial court has enormous discretion in a small claims procedure and may give little or no regard to the technicalities pertaining to the rules of evidence.

The Court of Appeals recited a sound policy statement in *Black v. Littleton*.

However, the reasoning therein does not require us to acquiesce to a trial by affidavit, or to condone the infringement of the right to cross examine. These are not "technicalities."

". . . [T]he conviction that no statement (unless by special exception) should be used as testimony until it has been probed and submitted by that test, [of cross examination] has found increasing strength in lengthening experience." V. Wigmore on Evidence (3d ed.) § 1367.

The right to cross examine is not an absolue right. *Smith v. Miller*, 213 Kan. 1, 514 P.2d 377. It may be waived or limited. *Denver Symphony Ass'n v. Industrial Commission*, 34 Colo. App. 343, 526 P.2d 685 (1974). The use of an affidavit is permissible when testimony is cumulative or of minor importance, but when the outcome is directly dependent on the document it should not be admitted. *Smith v. Miller*, supra.

The right to cross examine witnesses is the most valuable right given by law in assisting the trier of facts in determining the truth of direct testimony. The plaintiff did not satisfy its burden of proof by submitting any competent evidence.

The plaintiff also asserted that because the defendant did not submit a verified denial of the verified account that the account is properly taken as true without further evidence. 12 O.S.1971, § 286; *The Resolute Insurance Company v. The Fred F. Fox Co.*, Okl., 487 P.2d 704 (1971). The cited statute, found in Chapter 8, Pleadings, provides:

"Verification of denial required, when. —In all actions, allegations of . . . the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

The denial referred to in § 286 is included in the defendant's Answer:

"§ 272. Answer—Contents.—The answer shall contain: First. A general or specific denial of each material allegation of the petition controverted by the defendant."

■ The plaintiff in the above cited case was allowed summary judgment against a defendant because the defendant did not verify its answer. In the small claim procedure "[N]o formal pleading, other than the claim and notice, shall be necessary . . . ." 12 O.S.1971, § 1758, and the only motion provided is the motion to have the action proceed as a regular civil action in district court. 12 O.S. 1971, § 1757. G. Fraser, in 21 O.L.R. 403, 404, noted that:

"The defendant cannot object to service of process, venue, the affidavit or order, etc., except at the hearing on the merits.

If the action is not transferred, no answer is necessary unless the defendant wishes to assert a counterclaim or a setoff."

We add to this observation by stating that the procedure does not afford an opportunity for a demurrer or a summary judgment. No answer being necessary, none is otherwise required by 12 O.S.1971, § 286.

Because there is no competent evidence in the record to support the judgment, this cause is reversed, *Maloy v. Griffith,* 125 Colo. 85, 240 P.2d 923 (1952), and the defendant's attorney is awarded a fee of $100 for the prosecution of this appeal in addition to the $50 allowed by the trial court for a total attorney fee of $150. *Dracos v. Edwards,* Okl., 385 P.2d 459 (1963); *Haskett v. Turner,* Okl., 290 P.2d 133 (1955).

REVERSED.

BOX and ROMANG, JJ., concur.