Jerry PATTERSON, Plaintiff/Appellee,

v.

Lonnie and Bernice BEALL,
Defendants/Appellants.

No. 88119.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Sept. 19, 1997.

Steven D. Singer, Enid, for Defendants/Appellants.

Justin Lamunyon, Faulkner Law Firm, Enid, for Plaintiff/Appellee.

## MEMORANDUM OPINION

ADAMS, Chief Judge.

¶ 1 Plaintiff/Appellee Jerry Patterson filed an affidavit against Defendants/Appellants Lonnie Beall and his wife, Bernice Beall, pursuant to the Small Claims Procedure Act (SCPA), 12 O.S.Supp.1995 § 1751 *et seq.*, claiming the Bealls were indebted to him for $4,500 for breach of contract and violation of the Oklahoma Consumer Protection Act, 15 O.S.1991 § 751 *et seq.* The Bealls filed a timely counterclaim alleging Patterson was indebted to them for $4,500 for "actual, constructive and punitive damages relating to quiet title, specific performance, breach of contract & violations of the Oklahoma Consumer Protection Act." The Bealls later moved for summary judgment, to which Patterson responded, and at the hearing originally set for that motion,[1] the trial court

---

1. The trial court correctly observed that small claims procedure does not afford an opportunity for summary judgment. *Lee Wayne Co., Inc. v. Pruitt,* 550 P.2d 1374 (Okla.1976).

instead dismissed the entire action for "want of subject matter jurisdiction."

■ ¶ 2 Only the Bealls appealed the trial court's order, but Patterson fully agrees with the Bealls' sole allegation of error—that the dismissal was improper because the trial court had subject matter jurisdiction of their claims. Subject matter jurisdiction is the power of courts and judicial officers to take cognizance of and to hear and determine the subject matter in controversy and to exercise judicial power over them. *Lowry v. Semke,* 571 P.2d 858 (Okla.1977). Lack of jurisdiction of subject matter cannot be waived or overlooked by the court. *Taylor v. Oklahoma Employment Security Commission,* 1993 OK CIV APP 195, 867 P.2d 490.

¶ 3 In this case, the trial court concluded it lacked subject matter jurisdiction because "that act [Oklahoma Consumer Protection Act] is beyond the scope of small claims." The basis for its conclusion was twofold: (1) the Oklahoma Consumer Protection Act includes violations of other acts, *e.g.,* the Spa Act and Home Repair Fraud Act, which the trial court opined are not within the scope of small claims; and (2) some of the relief authorized under § 761.1 of the Oklahoma Consumer Protection Act, *e.g.,* civil penalties and injunctive relief, goes beyond the relief intended by the SCPA.

■ ¶ 4 We disagree with the trial court's conclusion. The District Court has unlimited original jurisdiction of all justiciable matters and in all matters where exclusive jurisdiction is not given some other court, or as otherwise provided by the Oklahoma Constitution. *Fent v. Oklahoma Natural Gas Company, Division of Oneok, Inc.,* 1990 OK CIV APP 70, 804 P.2d 1146. The Legislature has given the District Court jurisdiction to hear private actions for damages for a violation of the Oklahoma Consumer Protection Act. *See* 15 O.S.Supp.1994 § 761.1(A).[2] Subject matter jurisdiction is invoked by the pleadings filed with the court. *State of Oklahoma v. A 1977 Chevrolet Pick-*

*up Truck,* 1988 OK 38, 753 P.2d 1356. Moreover, the so-called "Small Claims Court" is but a division of the District Court. *See* Article 7, § 7(a) of the Oklahoma Constitution; *Eskridge v. Ladd,* 1991 OK 3, 811 P.2d 587. Accordingly, because the District Court has jurisdiction of a private action for damages for a violation of the Oklahoma Consumer Protection Act, so does a division of that Court sitting as a "Small Claims Court." The trial court's dismissal must be reversed.

¶ 5 It is apparent that the trial court's dismissal was based on the conclusion that the parties' claim could not be properly litigated using the small claims procedure, and we must address that question to avoid a repetition of error if that conclusion is incorrect.

¶ 6 Section 1751 of the SCPA, entitled "Suits authorized under small claims procedure," provides, in pertinent part:

A. The following suits may be brought under the small claims procedure:

1. *Actions for the recovery of money based on contract or tort, including subrogation claims,* but excluding libel or slander, *in which the amount sought to be recovered, exclusive of attorneys fees and other court costs, does not exceed Four Thousand Five Hundred Dollars* ($4,500.00); (Emphasis added).

¶ 7 As noted by the trial court, the Oklahoma Consumer Protection Act clearly includes violations of other acts likewise intended to protect consumers and provides for relief other than damages. However, the parties in this case have not alleged violations of those other acts or requested any relief other than damages no greater than $4,500. The parties in this case have limited their recovery to $4,500, and they have a right to proceed under the SCPA if violations of the Oklahoma Consumer Protection Act are considered "actions for the recovery of money *based on contract or tort."* (Emphasis added).

2. Section 761.1 provides, in pertinent part, that:

A. The commission of any act or practice declared to be a violation of the Consumer Protection Act shall render the violator liable

to the aggrieved consumer for the payment of actual damages sustained by the customer ... and the aggrieved consumer shall have a private right of action for damages, including but not limited to, costs and attorney's fees.

¶ 8 The terms "contract" and "tort" are not defined in the SCPA, so we must look at the meanings commonly attributed to them. *Curtis v. Board of Education of Sayre Public Schools,* 1995 OK 119, 914 P.2d 656. A "contract" is an agreement between two or more persons which creates an obligation to do or not to do a particular thing; its essentials are parties capable of making a contract, their consent, a lawful object, and sufficient cause or consideration. 15 O.S. 1991 §§ 1 and 2. A "tort" is "a civil wrong, other than a breach of contract, for which the court will provide a remedy in the form of an action for damages." *Lincoln Bank and Trust Company v. Neustadt,* 1996 OK CIV APP 10, 917 P.2d 1005.

¶ 9 Applying these definitions, Patterson's "breach of contract" allegation is clearly based on a contract, and both parties' allegations of violations under the Oklahoma Consumer Protection Act, *i.e.,* making false and misleading advertisements, and committing an unfair or deceptive trade practice, are "based in tort." Because their claims did not exceed $4,500, we conclude their claims, as presently alleged, may be pursued using the SCPA. The trial court's judgment dismissing the parties' claims is reversed. The case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR FUTHER PROCEEDINGS.

JONES, P.J., and GARRETT, J., concur.