2000 OK 58

NESTLE FOOD COMPANY and Constitution State Service Company, a subsidiary of Travelers Property Casualty Corp., Plaintiffs/Appellants,

v.

Patricia L. CREWS and American States Insurance Company, Defendants/Appellees.

No. 92,858.

Supreme Court of Oklahoma.

July 18, 2000.

Mark T. Koss, McNulty, Koss & Associates, Oklahoma City, Oklahoma, for the appellants.

Mark E. Bialick and Rodney D. Stewart, Oklahoma City, Oklahoma, for the appellee.[1]

OPALA, Justice:

¶1 The issue presented on certiorari is whether the statute-based district court claim brought against the tortfeasor's insurer by the employer and its workers' compensation carrier was *erroneously* dismissed as time-barred. *We answer in the affirmative.*

---

1. Identified herein are only those counsel for the parties *whose names appear on the certiorari* *briefs.*

# I

## ANATOMY OF LITIGATION

¶2 In an action by Nestle Food Company (Employer or Nestle) and its workers' compensation carrier, Constitution State Service Company (CSSC), against the insurer of a third-party tortfeasor, American States Insurance Company (tortfeasor's insurer, ASIC) and against the claimant-employee,[2] the procedural posture of the claim now before us is virtually identical to that recently addressed in *ACCOSIF v. American States Insurance Co.*[3] Like the claim in *AC-COSIF*, this demand also falls within the provisions of 85 O.S.1991 § 44 (a).[4] Nestle and CSSC seek to recover a portion of the amount paid to an employee/claimant in an earlier compensation claim's settlement. As in *ACCOSIF*, the correct theory of the pressed claim against the claimant is that of the compensation carrier's *statutory pro tanto recoupment of claimant's tort recovery*. As against the tortfeasor's insurer (ASIC), the demand stems from *wrongful payout*.[5] The terms of 85 O.S.1991 § 44 (a) explicitly provide a remedy against a tortfeasor's insurer's wrongful payout in breach of its duty to a *known* statutory assignee of a chose in

2. The claimant, Patricia L. Crews, a party defendant in the district court, is not actively engaged in this cause which was brought from *dismissal of the claim against the tortfeasor's insurer alone.* The dismissal order was *certified* for immediate appeal under the terms of 12 O.S.Supp.1993 § 994. *See infra* note 12.

3. 2000 OK 21, 1 P.3d 987.

4. The terms of 85 O.S.1991 § 44 provide in pertinent part:

 (a) If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Administrator may by rule or regulation prescribe. If he elects to take compensation under the Workers' Compensation Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the Workers' Compensation Act for such case. The compromise of any such cause of action by the worker at any amount less than the compensation provided for by the Workers' Compensation Act shall be made only with the written approval of the Court. *Whenever recovery against such other person is effected without compromise settlement by the employee or his representatives, the employer or insurance company having paid compensation under the Workers' Compensation Act shall be entitled to reimbursement as hereinafter set forth and shall pay from its share of* said reimbursement a proportionate share of the expenses, including attorneys fees, incurred in effecting said recovery to be determined by the ratio that the amount of compensation paid by the employer bears to the amount of the recovery effected by the employee. After the expenses and attorneys fees have been paid, the balance of the recovery shall be apportioned between the employer or insurance company having paid the compensation and the employee or his representatives in the same ratio that the amount of compensation paid by the employer bears to the total amount recovered; provided, however, the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree.
 In the event that recovery is effected by compromise settlement, then in that event the expenses, attorneys fees and the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree. Provided, that in the event they are unable to agree, then the same shall be apportioned by the district court having jurisdiction of the employee's action against such other person, in such manner as is just and reasonable.
 * * * * * *
 (c) The employer or his insurance carrier shall have the right of *subrogation* to recover money paid by the employer or his insurance carrier for the expenses of the last illness or accident under the Workers' Compensation Act from third persons, with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no benefits under the Workers' Compensation Act.
 (emphasis supplied).

5. This avenue of relief is outlined in ACCOSIF, *supra* note 3, and *Shebester v. Triple Crown Insurers*, 974 F.2d 135, 139 (10th Cir.1992) (*Shebester I*) (certified question answered at 1992 OK 20,

action[6] still in insurer's hands.[7] Both here and in *ACCOSIF* the "theoretical underpinnings" of the actionable statute based demand against the third-party actor's insurer are "akin to those advanced in *Shebester v. Triple Crown Insurers*[8] and in a trilogy of attorney's lien cases."[9]

### Antecedent Litigation

¶ 3 Patricia Crews (Crews or claimant), while working for Nestle, was involved in a vehicular accident on 25 August 1993, which is alleged to have resulted from the negligence of a third party. The latter was insured by ASIC at the time of the collision. Soon after the accident, the *employer notified ASIC* by letter of its subrogation interest and subsequently *received an acknowledgment* of notice coupled with denial that ASIC's insured bore any responsibility.

¶ 4 Crews, who sought workers' compensation benefits for her injuries, was paid $70,317.07 by CSSC, the employer's carrier. Exactly *one day before* the two-year statute

of limitation would have expired, Crews sued the third-party actor and his insurer, ASIC, to recover in tort.[10]

¶ 5 In April 1998, nearly three years after CSSC's discharge of its compensation liability to Crews, the claimant settled her tort action with ASIC (the tortfeasor's insurer) for the amount of $25,000.00. This action by the employer (Nestle) and its carrier (CSSC), was brought on 5 February 1999, *ten months after the settlement payout.*

### History of Present Litigation

¶ 6 Declaring it time-barred as a subrogation claim,[11] the trial court, acting on ASIC's motion, dismissed the action brought by the employer and CSSC against ASIC.[12] The Court of Civil Appeals (COCA), joining in characterizing the claim against the tortfeasor's insurer (ASIC) as one for subrogation, affirmed the *nisi prius* dismissal.

¶ 7 We granted certiorari to provide, once again, precedential guidance for the correct analysis of the claim in contest.

---

¶¶ 21–22, 826 P.2d 603, 611) *(Shebester II)* and is discussed *infra* at note 8 and accompanying text.

6. For the definition of "chose in action" as a term of common law in contemporary use, see Black's Law Dictionary (7th ed.1999) 234. The statutory assignment, when made known or when it should have been known, places the insurer on notice that the workers' compensation carrier may have a reimbursement claim. *See* 85 O.S.1991 § 44 (a). Upon payment of benefits, the compensation carrier becomes an *ex lege* assignee of the employee/claimant's chose in action (also called thing in action), which is defined by the terms of 60 O.S.1991 § 312. *See ACCOSIF, supra* note 3 at n. 4. *See also Moore v. Stanton,* 1919 OK 379, 77 Okla. 41, 186 P. 466.

7. An obligor (tortfeasor's insurer) with notice of an assignment of a chose in action is liable to the assignee (compensation carrier) for the amount paid the obligee (claimant) that was the assignee's due. *See ACCOSIF, supra* note 3, at n. 4.

8. *Shebester I, supra* note 5 at 139 (certified question answered at 1992 OK 20, ¶¶ 21–22, 826 P.2d 603, 611)(insurer's liability for wrongful payout also may be invoked because of an insurer's implied-in-law obligation to pay the proceeds to the rightful claimant, which includes persons other than the insured; interpleader is an available remedy when an insurer is uncertain about the identity of the rightful claimant). *See ACCO-*

*SIF, supra* note 3, at n. 5. The tortfeasor's insurer, *if on notice* of the claimant's workers' compensation award for the same harm, may be liable to the employer and its carrier for paying the claimant's demand without protecting the former's § 44(a) interest in a portion of the proceeds. *Shebester II, supra* note 5 at 611 n. 31. *See also the "notice" provisions in* 25 O.S.1991 §§ 10–14.

9. *ACCOSIF, supra* note 3 at ¶ 2. The noted trilogy of cases consists of: *Crane Mfg. Co. v. Brown,* 1964 OK 155, 393 P.2d 820 ; *O.C. Whitaker, Inc. v. Dillingham,* 1944 OK 282, 152 P.2d 371; *Helmerich & Payne v. State Indus. Comm'n,* 1940 OK 198, 102 P.2d 586.

10. Crews brought her tort claim in Oklahoma County District Court on 24 August 1995, *one day before* the two-year statute for negligent tort claims, prescribed by the terms of 12 O.S.1991 § 95 (3), would have expired. For the text of 12 O.S.1991 § 95 (3), *see infra* note 21.

11. Subrogation (and its mistaken application to this action) is discussed *infra* notes 14–16 and in the accompanying text.

12. The ASIC's appeal is prosecuted from the 5 April 1999 dismissal order *certified* to this court under the terms 12 O.S.Supp.1993 § 994 for

## II

### AS IN *ACCOSIF V. AMERICAN STATES INS. CO.,* THIS ACTION, WHICH FALLS WITHIN THE TERMS OF 85 O.S.1991 § 44 (A), AND IS PRESSED FOR A STATUTE-BASED *PRO TANTO* RECOUPMENT OF A WORKERS' COMPENSATION PAYOUT, IS *NOT A SUBROGATION CLAIM* PRESCRIBED BY THE PROVISIONS OF 85 O.S.1991 § 44 (C)

¶ 8 As this case presents a fact pattern which is strikingly similar to that in *ACCOSIF*, the same analysis must be applied.[13] ASIC argues that because this claim stood mischaracterized by the pleadings of the plaintiff (Employer and CSSC), its incorrect *nisi prius* label (that of subrogation) should now be forced upon the confusion's originator — the plaintiff below.

 ¶ 9 The terms of 85 O.S.1991 § 44 [14] unveil the clear difference between subrogation and the claim before us.[15] Had the employer and CSSC initiated their claim against the tortfeasor's insurer (ASIC) *before Crews (the workers' compensation claimant) brought her suit,* or had the employer and CSSC *joined* in her tort claim, the action would have come under the law's subrogation rubric.[16] *This is not the case here. The claim against ASIC is clearly for the insur-*

er's *wrongful payout* in breach of its statutory duty to a *known ex lege* assignee of the claimant's chose in action.[17]

¶ 10 Neither CSSC's non-joinder in the claimant's tort litigation nor its nonparticipation in the claimant's subsequent settlement with the third-party tortfeasor can operate here as a bar to CSSC's pursuit of its present demand for the legislatively-sanctioned portion of Crews' settlement.

¶ 11 Because the CSSC's claim cannot be characterized as one for subrogation, the two-year time bar – that would have been triggered by the date of the on-the-job accident – does not extinguish CSSC's remedy now pressed before us.

## III

### THE THREE-YEAR LIMITATION PERIOD PROVIDED BY THE TERMS OF 12 O.S.1991 § 95 (2) APPLIES HERE

 ¶ 12 Simply because the face of the CSSC's petition *alludes to subrogation* does not confine its actionable demand to that theory, nor does it operate to forfeit the insured employer's (Nestle's) opportunity to recover on the theory of statutory *pro tanto* recoupment.[18] To saddle the plaintiffs with the two-year subrogation bar would be unwarranted.

---

review *in advance of judgment* upon all claims pressed in the action.

13. In its certiorari brief, ASIC concedes that, because of the *identity* of circumstances in *ACCOSIF* and in this action, the law announced in the former controls the latter, and the outcome of the latter should be the same unless the court were to reconsider *ACCOSIF.* *See* Appellee's Brief at page 5.

14. For the terms of 85 O.S.1991 § 44, see *supra* note 4.

15. Subrogation actions are governed by § 44(c), *supra* note 4, while those for recoupment (or for the third-party actor's insurer's wrongful payout), such as the instant case, are controlled by § 44(a). ASIC takes issue with this interpretation but cites in support of its position to an unpersuasive source. We divine legislative intent from the journal or from the engrossed and enrolled bill. Mid-stream committee substitutes are ill-suited as an *indicium* of lawmakers' intent in the bill's final passage.

16. The terms of 85 O.S.1991 § 44 (c), *supra* note 4, provide the statutory underpinnings for a workers' compensation carrier's subrogation claim.

17. For a discussion of wrongful payout theory, *see* the text of 85 O.S.1991 § 44, *supra* note 4; see also *Shebester v. Triple Crown Insurers, supra* note 5, the trilogy of attorney's lien cases, *supra* note 9, and the accompanying textual and footnoted discussion.

18. Plaintiff's allusion to "subrogation" is mere surplusage. Under modern pleading regimes, a plaintiff is not bound by a theory simply because it was included in the pleadings. *Doss Oil Co. v. Texas Co.,* 1943 OK 154, 137 P.2d 934, 939 (plaintiff need not plead a named theory on which relief is sought). *See also Rodgers v. Higgins,* 1993 OK 45, ¶ 6, 871 P.2d 398, 403 (a plaintiff who states a claim and proves essential facts is entitled to any relief legally allowed); *Silver v. Slusher,* 1988 OK 53, ¶ 5 n. 7, 770 P.2d 878, 881 n. 7 (pleader need not state the theory on which reliance is placed).

¶ 13 In short, ASIC is not protected (from liability to CSSC) by the time bar on which the *nisi prius* dismissal was rested. As stated in *ACCOSIF*, "The terms of § 44(a)[19] provide that a workers' compensation carrier may recover its *pro tanto* share from a settlement between the tortfeasor and the claimant.... The tortfeasor's insurer cannot escape its responsibility to the plaintiff *if* its settlement remittance to the claimant was in fact a wrongful payout, i.e., one that was made *with notice* of ACCOSIF's [the workers' compensation carrier's] § 44(a) claim."[20]

¶ 14 The terms of 12 O.S.1991 § 95 (2) govern "an action upon a liability created by statute other than a forfeiture or penalty."[21] According to the terms of 85 O.S.1991 § 44 (a), an injured employee who recovers from a third-party tortfeasor is liable to the employer (or to an employer's insurer) who had paid the compensation benefits. *ASIC's own accountability to CSSC for wrongful payout also is statute-based.* The limitation to be applied is the three-year period prescribed by the terms of 12 O.S.1991 § 95 (2) for one's pursuit of liability created by statute.[22] The limitation period was triggered when ASIC, while on notice of CSSC's statutory recoupment claim, *paid* Crews the total amount of the agreed-upon settlement. CSSC's remedy would stand barred three years from the date of ASIC's payment.[23]

**19.** For the pertinent text of 85 O.S.1991 § 44 (a), see *supra* note 4.

**20.** *See ACCOSIF, supra* note 3 at ¶ 15 (emphasis supplied).

**21.** The pertinent terms of 12 O.S.1991 § 95 provide:

Civil actions other than for the recovery of real property can only be brought within the following periods, *after the cause of action shall have accrued,* and not afterwards:
* * *
2. Within three (3) years: An action upon a contract express or implied not in writing; *an action upon a liability created by statute* other than a forfeiture or penalty; and an action on a foreign judgment;
3. Within two (2) years: An action for trespass upon real property; an action for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for re-

## IV

### PROSPECTIVE APPLICATION OF *ACCOSIF*

¶ 15 The *ACCOSIF* decision settled a point of law that, though somewhat elusive and perhaps difficult to analyze, is *nonetheless governed by a clearly-worded statute.* The text of 85 O.S.1991 § 44[24] pertinent to this controversy *has remained the same since its enactment in 1915.* The underlying common-law concept embodied in the § 44 language, which operates as an *ex lege* assignment of a compensation claimant's chose in action to the compensator-employer (or to its carrier), has never been an instrument of confusion.[25]

## V

### SUMMARY OF TODAY'S PRONOUNCEMENT

¶ 16 The claim was ill-classified (at *nisi prius* and by COCA) as a time-barred subrogation demand. The dismissal must be reversed insofar as it adversely affects the appealing employer (and its workers' compensation carrier), and the cause be remanded.

¶ 17 The so-called *Conley*[26] test — also

lief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud;
* * *
(emphasis supplied).

**22.** For the text of 12 O.S.1991 § 95 (2), see *supra* note 21.

**23.** *Id.*

**24.** For the pertinent text of 85 O.S.1991 § 44, see *supra* note 4.

**25.** *Cf. McDaneld v. Lynn Hickey Dodge, Inc.,* 1999 OK 30, ¶¶ 10–11, 14, 979 P.2d 252, 256–57.

**26.** *See ACCOSIF, supra* note 3, at ¶ 17, *paraphrasing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See also Atchison, Topeka and Santa Fe Ry. Co. v. Buell,* 480 U.S. 557, 107 S.Ct. 1410, 1417 n. 15, 94 L.Ed.2d 563 (1987); *Brock v. Thompson,* 1997 OK 127, ¶ 1, 948 P.2d 279, 282; *A–Plus Janitori-*

invoked in *ACCOSIF*[27] — teaches that a petition "must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the pleader can prove no set of facts which would entitle him to relief."[28] It cannot be said here that the plaintiff's claim stands barred if it must be viewed as an action for a compensation insurer's statute-based *pro tanto* share of its § 44(a) assignment. After remand, the trial court, on due consideration of the law pronounced herein, must rule whether (a) the *Conley*[29] test is satisfied and (b) its shield protects the claim from dismissal.[30]

¶ 18 On certiorari previously granted upon the petition brought by the employer and its workers' compensation carrier, the Court of Civil Appeals' opinion is vacated; the trial court's dismissal order is reversed and the cause remanded for further proceedings to be consistent with this pronouncement.

¶ 19 SUMMERS, C.J., HARGRAVE, V.C.J., and LAVENDER, BOUDREAU and WINCHESTER, JJ., concur.

¶ 20 KAUGER and WATT, JJ., concur in part and dissent in part.

¶ 21 HODGES, J., disqualified.

al & Carpet Cleaning v. Employers' Workers' Comp. Ass'n, *1997 OK 37*, ¶ 9, *936 P.2d 916, 922;* Frazier v. Bryan Mem'l Hosp. Auth., *1989 OK 73,* ¶ 13, *775 P.2d 281, 287.*

27. *ACCOSIF, supra* note 3 at ¶¶ 17, 18, 1 P.3d at 995.

28. *ACCOSIF, supra* note 3, at ¶ 17, 1 P.3d at 995 (*paraphrasing Conley, supra* note 26).

29. *See Conley, supra* note 26.

30. *See ACCOSIF, supra* note 3, at ¶ 17. Observing that ASIC's brief on certiorari distinguishes third-party claims resolved "by compromise settlement" from those "without compromise settlement," we note that § 44(a) classification is used *solely for computation* of *the amount due the workers' compensation carrier,* not for characterizing the nature of the liability in suit.

On remand, the trial court must revisit the issues before it in a manner consistent with the pronouncement of an appellate tribunal. *See, e.g.,Seymour v. Swart*, 1985 OK 9, ¶ 8, 695 P.2d 509, 513 (when judgment is reversed and cause remanded for new trial, the case stands at *nisi prius* as if no disposition had ever been made *except for questions of law settled by the appellate pronouncement* ).