2000 OK CIV APP 112

**Frank GIBSON, Plaintiff/Appellant,**

v.

**Melvin COPELAND, Sheriff, John Doe, Property Officer, Defendants/Appellees.**

**No. 94758.**

Court of Civil Appeals of Oklahoma, Division 2.

Sept. 26, 2000.

---

Frank Gibson, Jess Dunn Correctional Center, Taft, Oklahoma, Appellant Pro Se.

Jerry Cude, Assistant District Attorney, Robert Schulte, District Attorney, Cotton County, Lawton, Oklahoma, for Appellees.

## *OPINION*

RAPP, P.J.

¶ 1 The trial court plaintiff, Frank Gibson ("Gibson"), appeals from an order dismissing his small claims action against the trial court defendants, Melvin Copeland, Sheriff ("Copeland") and John Doe ("Doe").

### *I. Status of Appeal*

¶ 2 The appeal has been filed under the accelerated procedures applicable to orders involving summary judgment, orders dismissing for failure to state a claim, and orders dismissing for lack of jurisdiction. Okla. Sup.Ct. R. 1.36, 12 O.S. Supp.1999, ch. 15, app. Here the dismissal occurred because of the trial court's ruling that Gibson failed to file a claim under the Governmental Tort Claims Act ("GTCA").

¶ 3 Compliance with the written notice of claim and denial of claim provisions of the GTCA are prerequisites to exercise of judicial power to grant relief. *Shanbour v. Hollingsworth,* 1996 OK 67, 918 P.2d 73 ; *State v. Dixon,* 1996 OK 15, 912 P.2d 842. Thus, the order is one dismissing for lack of jurisdic-

tion and the appeal properly proceeds under the provisions of Rule 1.36.

## II. Background

¶4 Gibson, as an inmate in the Cotton County jail, filed a small claims replevin action seeking return of a list of personal property consisting of clothing, small appliances, and miscellaneous items.[1] According to the docket sheet in the appellate record, the District Attorney did not file any counterclaim, setoff, or request to transfer the action. The case was originally set for hearing on March 22, 2000, but Gibson was not present. The trial court's minute entry notes that the absence was not Gibson's fault and continued the matter to April 26, 2000.

¶5 At the hearing of the case, Copeland, through the District Attorney, orally moved to dismiss the action. The District Attorney presented as grounds in support of the motion that Copeland was improperly named defendant; that Gibson failed to file a claim under 51 O.S. Supp.1999, § 156; and, that Copeland and Doe are exempt from liability under 51 O.S. Supp.1999, § 155.

¶6 The trial court sustained the motion only because no claim was filed pursuant to Section 156. The trial court's dismissal order further recites that the time for filing a claim had expired. The action was dismissed and Gibson appeals. Gibson's petition-in-error asserts that the trial court erred by granting the dismissal and points to each ground presented by the District Attorney even though the trial court's order was limited to the failure to file a claim assertion. In addition, the petition-in-error states that the trial court erred by entertaining a motion although motions are not authorized in a small claims action, except to transfer the cause.

## III. Standard of Review

■ ¶7 The appellate court has the plenary, independent and nondeferential authority

to reexamine a trial court's legal rulings. *Neil Acquisition L.L.C. v. Wingrod Investment Corp.,* 1996 OK 125, 932 P.2d 1100, n.1.

## IV. Analysis and Review

### A. Motions in Small Claims Actions

■ ¶8 Here, an oral motion to dismiss was presented when the case was scheduled for hearing. The small claims court procedures do not provide for such motions. 12 O.S. Supp.1999, § 1757, 1758; *Patterson v. Beall,* 1997 OK CIV APP 64, 947 P.2d 617; *Lee Wayne Company, Inc. v. Pruitt,* 1976 OK CIV APP 23, 550 P.2d 1374.

■ ¶9 Moreover, even if such motions were permitted, the motion here would fail to comply with Court Rules and so should not have been considered. Rule 4(d), Rules For District Courts, 12 O.S. Supp.1999, ch. 2, app. 1. Thus, the motion clearly was fact dependent, but it did not conform to Rule 4(c) of the District Court Rules. The motion was not served upon Gibson in a timely manner so that he would have an opportunity to respond. Rule 4(e), Rules For District Courts.

¶10 The trial court erred by considering the oral motion to dismiss rather than conducting a hearing to decide the case on the merits. However, a hearing on the merits would undoubtedly entail evidence and a ruling upon the same premise utilized by the trial court to dismiss the case. Therefore, this Court will examine the merits of the ruling on the motion to dismiss.

### B. Exemption Under Section 155

¶11 Simply stated, Gibson seeks return of his property. There is no transcript or narrative of what transpired at the trial court hearing but the trial court's order expresses the ruling made by that court.[2] Although not specifically cited, the trial court's ruling

---

1. The Small Claim Act authorizes replevin actions. 12 O.S. Supp.1999, § 1751 (A)(2).

2. Gibson's petition-in-error recites a factual background purportedly explaining that he was transferred from State incarceration to custody in the Cotton County jail. He claims that his

property was picked up for him by personnel of the state facility during this transfer but he never saw it again. The response to the petition-in-error denies possession of the property and states that, in any event, the trial court correctly decided the case.

is clearly premised upon the failure to file a claim as required by the GTCA, 51 O.S. Supp.1999, § 156 (A) and (B), as opposed to the substance of any claim filed as prescribed by Section 156(C) or (D). The GTCA provides in relevant part:

A. Any person having a claim against the state or a political subdivision within the scope of Section 151 et seq. of this title shall present a claim to the state or political subdivision for any appropriate relief including money damages.

B. Claims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs. A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs.

51 O.S. Supp.1999, § 156 (A) and (B).

¶ 12 The threshold issue is whether Gibson's claim falls "within the scope" of the GTCA. Although the facts of the case are not reflected on the face of the small claims affidavit, the appellate record discloses sufficiently that the case arises out of the circumstances of Gibson's incarceration.

¶ 13 Hence, the case presents a claim for replevin by an incarcerated individual which then raises two questions: (1) Does Oklahoma statutory replevin fall within the scope of the GTCA; and, (2) If so, does the GTCA establish an exemption for liability. This Court holds that, because statutory replevin sounds partly in tort and partly in contract, only that aspect of replevin which sounds in tort falls within the scope of the GTCA. Second, the GTCA provides an exemption from liability only for that part of the replevin action that sounds in tort. 51 O.S. Supp.1999, 155 (24).

¶ 14 At common law, replevin was an action *ex delicto* to recover personal property. *Farha v. F.D.I.C.*, 963 F.2d 283, 287 (10th Cir.1992). However, under the Oklahoma statute the replevin action may be for recovery of the property, a judgment for possession or the value if delivery is not possible, or damages for the detention of the property. 12 O.S.1991, § 1580. Thus, the statutory remedy sounds both in tort and in contract. *Id.* at 288. That part of the statutory remedy which provides for recovery of possession by replevin sounds in tort and that part which provides for damages for the value is traceable to the common law writ of trover, also a tort. *Id.* On the other hand, the remedy for damages for the detention of the property sounds in contract via detinue. *Id.* at 288.

¶ 15 The GTCA applies to the tort claims aspects of Gibson's statutory replevin remedy and provides immunity. The GTCA does not apply to contract matters and, therefore, does not apply to the contract aspect of Gibson's statutory replevin remedy. A part of the GTCA provides for exemption from liability as follows:

24. Provision, equipping, operation or maintenance of any prison, jail or correctional facility, or injuries resulting from the parole or escape of a prisoner or injuries by a prisoner to any other prisoner; provided, however, this provision shall not apply to claims from individuals not in custody of the Department of Corrections based on accidents involving motor vehicles owned or operated by the Department of Corrections.

51 O.S. Supp.1999, § 155 (24).

¶ 16 The exemption from tort liability as provided in Section 155(24) is all inclusive for tort claims. *Medina v. State*, 1993 OK 121, 871 P.2d 1379. Thus, Gibson does not have a tort claim for negligence in the failure to return his property.

¶ 17 However, Gibson has brought an action in replevin. The small claims affidavit does not distinguish among the forms of replevin relief, but that is immaterial. See *Nestle Food Company v. Constitution State Service Company*, 2000 OK 58, ¶ 17, 11 P.3D 205 (Mandate pending). Gibson is entitled to seek replevin under the statute but his remedy, if any right to relief is proven, is limited to the non-tort related aspects of the statutory writ set out in preceding paragraphs. Thus, Gibson must proceed upon a theory sounding in contract and prove his case before he is entitled to relief. In accord with the Small Claims Procedures Act's policy to

provide informal, but speedy justice, Gibson must amend his affidavit to name the State or the political subdivision against whom he seeks relief and the trial court shall make such provision for reasonable amendment. The judgment is reversed and remanded for a trial in accordance with this decision.

¶ 18 REVERSED AND REMANDED FOR A TRIAL IN ACCORDANCE WITH THIS DECISION.

¶ 19 COLBERT, J., and STUBBLEFIELD, J. (sitting by designation), concur.