2000 OK CIV APP 139

Joe JACKSON, pro se, Plaintiff/Appellant,

v.

H.N. "Sonny" SCOTT, Warden of Joseph Harp Correctional Center and, Ms. Dorothy, Property Officer of Joseph Harp Correctional Center, Lexington, Oklahoma, Defendants/Appellees.

No. 93,141.

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 26, 2000.

Rehearing Denied Nov. 21, 2000.

---

Joe Jackson, Lawton Correctional Facility, Lawton, Oklahoma, Appellant Pro Se.

Vincent Knight, General Counsel, Ronald Anderson, Assistant General Counsel, Oklahoma Department of Corrections, Oklahoma City, Oklahoma, Appellees.

## OPINION

RAPP, P.J.

¶ 1 The trial court plaintiff, Joe Jackson ("Jackson"), appeals a decision entered in a small claims court action in favor of the trial court defendant, H.N. "Sonny" Scott, Warden of Joseph Harp Correctional Center ("Scott").[1]

### I.  *Background*

¶ 2 The dispute in this action involves the loss of Jackson's personal property consisting of a television, electronic items, photos, and some clothing items having a value of $250.00. Only a partial history of this case is available because no trial transcript was made of the small claims hearing. This Court has gleaned the background from a

---

1. An additional defendant was not served.

review of the court file and the statements of the parties in their respective briefs concerning facts about which they agree.[2]

¶ 3 Jackson was in custody of the Oklahoma Department of Corrections ("DOC").[3] The DOC decided to transfer Jackson to a facility in Texas in early 1998. Jackson maintains that the Texas facility would not permit him to bring his personal property. Scott neither addresses this point nor disputes it but the parties agree at least that the personal property did not accompany Jackson to the Texas facility.

¶ 4 At this point, the parties have presented divergent versions of the facts. Jackson maintains that DOC, by regulation, provides that personal property will be stored when an out-of-state facility refuses permission to bring personal property. He claims that DOC took the property but after about ninety days, donated it to some unidentified entity. Jackson sued in small claims court to recover his personal property by replevin.

¶ 5 Scott's Appeal Brief does not address Jackson's assertions that DOC's regulations were violated. Papers filed in the trial court indicate that Scott's version is that Jackson made provision for third parties to pick up his property and they had thirty days to do so. After ninety days, the property was donated to some entity according to uncited regulations.

¶ 6 Here, Scott argues that immunity flows from the Governmental Tort Claims Act ("GTCA") and that Jackson did not exhaust administrative remedies, either under the GTCA or prison regulations.[4] However, Jackson's Brief and papers he filed in the trial court purportedly quote from a letter written by Scott to Jackson in September 1998, advising Jackson that his claim for reimbursement for the property was denied.

Scott's Brief here fails to and does not address either the existence of the letter or its legal effect, if any, with respect to the exhaustion of remedies argument.

¶ 7 Last, Scott argues that Jackson has failed to prove the elements of replevin set forth in 12 O.S.1991, § 1571. Specifically, Scott maintains that Jackson has failed to prove the element of wrongful detention of the property. Scott's position here is that the authority to administer the prison carries with it the authority to impose limitations and rules regarding personal property belonging to inmates. Jackson was given an opportunity to have someone pick up the property and when, after ninety days, they failed to do so the property was donated according to regulations not contained in the record.

¶ 8 The trial court conducted a telephonic hearing. Although Scott characterizes the trial court's action as a dismissal in his Appeal Brief, that court's order recites, in part:

> Trial held and case taken under advisement on 4–28–99. The Court finds in favor of the Defendants and Plaintiff to take nothing on his claim.

The trial was not transcribed. No narrative statement of the proceedings has been provided and trial exhibits, if any, have not been supplied in the appellate record. Jackson appeals.

## II.  *Standard of Review*

■ ¶ 9 The governing question here is whether an agency regulation is binding on the agency. The appellate court has the plenary, independent and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition L.L.C. v. Wingrod Investment Corp.*, 1996 OK 125, 932 P.2d 1100, n. 1.

---

**2.**  Both parties filed a motion for summary judgment and Scott asked for a dismissal. The small claims court procedures do not provide for such motions. 12 O.S.1991, §§ 1757, 1758; *Patterson v. Beall*, 1997 OK CIV APP 64, 947 P.2d 617; *Lee Wayne Company, Inc. v. Pruitt*, 1976 OK CIV APP 23, 550 P.2d 1374. The trial court correctly conducted a hearing rather than decide the case on the motions.

**3.**  He is presently in custody in a private facility in Oklahoma. The record does not clearly establish when he went to Texas and when he returned to the private facility in Oklahoma.

**4.**  Jackson has filed a motion in this Court seeking to supplement his petition-in-error and attached a letter dated June 9, *1999*, in which his claim was denied. This letter cannot be considered here as it was not part of the trial record. Moreover, it obviously postdates the events.

### III. *Analysis and Review*

¶ 10 The papers filed in the trial court indicate that a critical fact dispute existed between the parties unrelated to procedural issues such as exhaustion of remedies. This dispute centered around whether Jackson agreed to have someone pick up his property knowing that if they did not do so the property would be donated. The alternative, as espoused by Jackson, was that the property was supposed to be stored when he was transferred out of the State according to the regulations and then returned to him when he returned to Oklahoma. However, the document purportedly signed by Jackson, and now urged by Scott as controlling, has not been shown to have been entered into evidence. Scott's references to the document in his Brief direct attention to a pretrial motion exhibit.

¶ 11 Scott does not dispute that a regulation was in force prior to Jackson's transfer out of State which provided that personal property allowed the inmate will be stored and returned to the inmate. An agency is bound by its own regulations. *Service v. Dulles,* 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403; *Henry v. Oklahoma Corporation Commission,* 1990 OK 103, ¶ 15, 825 P.2d 1262, 1267; *Toxic Waste Impact Group v. Leavitt,* 1988 OK 20, ¶ 12, 755 P.2d 626, 630.

¶ 12 Here, Jackson seeks the enforcement of the regulation by return of his property. Scott's Brief misses the issue but does raise the defense of immunity under the Governmental Tort Claims Act ("GTCA"), 51 O.S. Supp.1999, § 155(24). The exemption from tort liability as provided in that statute is all inclusive for tort claims. *Medina v. State,* 1993 OK 121, 871 P.2d 1379. Thus, Jackson does not have a tort claim for negligence in the failure to return his property.

¶ 13 Jackson has brought an action in replevin. He seeks a return of his property which was supposed to be stored in accord with the regulations and then returned to him when he returned from out of state incarceration. At common law, replevin was an action *ex delicto* to recover personal property. *Farha v. F.D.I.C.,* 963 F.2d 283, 287

(10th Cir.1992). However, under the Oklahoma statute, the replevin action may be for recovery of the property, a judgment for possession or the value if delivery is not possible, or damages for the detention of the property. 12 O.S.1991, § 1580. Thus, the statutory remedy sounds both in tort and in contract. *Id.* at 288. That part of the statutory remedy which provides for recovery of possession by replevin sounds in tort and that part which provides for damages for the value is traceable to the common law writ of trover, also a tort. *Id.* On the other hand, the remedy for damages for the detention of the property sounds in contract via detinue. *Id.* at 288. The GTCA applies to the tort claims aspects of Jackson's statutory replevin remedy and provides immunity. The GTCA does not apply to contract matters and, therefore, does not apply to the contract aspect of Jackson's statutory replevin remedy.

¶ 14 Here, the statutory scheme does provide a degree of immunity but it is, as always, only a guide not an absolute. To follow this slavishly, while recognizing a wrong without any remedy, is to invite violation of Cicero and its modern equivalent. This is even more so where Jackson seeks only those simple possessions allowed him by DOC and entrusted to them under its regulations in bailment.

¶ 15 Here, Jackson has demonstrated, without refutation, that by binding regulation an implied contract has been established whereby the penal institution will act as bailee for inmate's personal property when they are transferred out of the State. Scott's Brief has not demonstrated any defense or that Jackson somehow waived the application of the regulations.

¶ 16 However, even given the above, Jackson still has a duty to present a complete appellate record for this Court to review. The record indicates that a trial was conducted resulting in a judgment adverse to the relief he sought. He did not present a transcript or narrative statement of the trial as authorized under Rules—Okla. S.Ct. R. 1.28, 1.20, 12 O.S. Supp.1999, ch. 15, app. Moreover, the record presented does not

show that the contract issue was presented or considered by the trial court.

¶ 17 Therefore, the trial court's judgment is presumed to be correct. *U.C. Leasing, Inc. v. State ex rel. Bd. of Affairs,* 1987 OK 43, ¶ 9, 737 P.2d 1191, 1194. This Court will not presume error from a silent record. *Kiamichi Electric Cooperative v. Underwood,* 1992 OK CIV APP 72, ¶ 7, 842 P.2d 358, 360. Furthermore, the judgment appears on its face to resolve all factual issues which were actually raised or could have been raised. Jackson has not demonstrated that his contention was not presented to the trial court. In summary, Jackson has not demonstrated that the judgment is incorrect, but argues only that he has a right to the return of his property. The problem with his argument is that if he made other arrangements with knowledge of the consequences, then his premise, the application of the storage regulations, fails. Under the record here, the critical fact must be deemed to have been decided adversely to him.

¶ 18 Judgment AFFIRMED.

¶ 19 COLBERT, J., and STUBBLEFIELD, J. (sitting by designation), concur.