**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 17 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

STEVEN KURT BAUGHMAN,

Plaintiff - Appellant,

v.

JAMES L. SAFFLE; STEVE
HARGETT; DOLORES RAMSEY;
RON CHAMPION; SHERI VINCENT;
BRYAN PALMER; KATHY HALE;
SGT. CHADWICK; CORPORAL
KING; PAM WALLACE; RICHARD
HENRY; CHARLES DORSEY;
LINDA HILL,

Defendant - Appellee.

No. 00-6296
(D.C. No. 99-CV-355-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **PORFILIO** , and **LUCERO** , Circuit Judges.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case considers the appeal of the district court's grant of summary judgment in favor of defendants on fourteen civil rights claims brought pursuant to 42 U.S.C. § 1983, and dismissal of a fifteenth claim for failure to state a claim. We affirm in part, reverse in part, and remand for further proceedings.

**I**

Plaintiff is a Texas prisoner who is currently incarcerated in Oklahoma pursuant to an Interstate Compact Agreement. On March 16, 1999, plaintiff filed this lawsuit against officials and staff of the Oklahoma Department of Corrections, alleging numerous violations of his constitutional rights. His claims stemmed from: an inventory and seizure of his belongings, including five diaries, on December 5, 1997; a disciplinary proceeding initiated after officials seized a log book used by plaintiff as a diary; the alleged circulation of one of the diaries to inmates and staff who were discussed therein; the destruction of plaintiff's diaries; the prohibition on plaintiff's communication with Texas inmates; an allegedly retaliatory transfer to the Dick Conner Correctional Center (DCCC); and the inventories and seizures of his property before and after the transfer.

After submitting a Martinez report, [1] defendants moved to dismiss plaintiff's action pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. The magistrate judge to whom the case was referred issued a report recommending that summary judgment be granted on fourteen of plaintiff's claims, and that the fifteenth claim be dismissed for failure to state a claim. Plaintiff filed objections, and after a de novo review, the district court adopted the magistrate judge's recommendations. Plaintiff appeals.

We review the grant of summary judgment de novo, applying the same standard as that applied by the district court. Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, "we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." Lopez, 172 F.3d at 759 (citation omitted). "Where the nonmovant will bear the burden of proof at trial on a dispositive issue, however, that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the

---

[1] See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) (approving order requiring prison officials to investigate facts surrounding inmate's civil rights suit to construct an administrative record from which court may decide jurisdictional issues and make determination of frivolity).

existence, as a triable issue, of an element essential to that party's case in order to survive summary judgment." Id.

## II

Plaintiff argues that summary judgment should not have been granted because he, a pro se litigant, was not informed of the requirement that he must file affidavits to preserve factual issues for trial. Not only did the district court treat plaintiff's verified complaint as an affidavit, but it also considered the evidence that plaintiff attached to his objections to the magistrate judge's recommendation regarding summary judgment. As this allowed plaintiff the opportunity to correct any deficiencies in his summary judgment evidence, and as plaintiff has not identified other information he would have presented, the judgment need not be reversed based on the failure to inform plaintiff of the summary judgment requirements. Cf. Jaxon v. Circle K Corp., 773 F.2d 1138, 1140 (10th Cir. 1985) (holding pro se plaintiff should have been granted continuance to remedy his defective summary judgment materials by submitting affidavits or verifying his complaint).

## III

Although two of plaintiff's diaries were eventually returned to him, three others were classified as contraband and were destroyed. Plaintiff states that these diaries contained notes regarding incidents that defendants knew would

become the subject of a lawsuit, as well as drafts of pleadings intended for the instant action. Accepting this statement as true, plaintiff has not met his burden of proving that he has been denied access to the courts. To show such a violation, plaintiff must demonstrate that he was prejudiced by the seizure. Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998). Plaintiff has not shown that his ability to prosecute this lawsuit was prejudiced. To the contrary, he has recreated the seized pleadings and has recounted the incidents from the diary therein. In addition, plaintiff's own testimony regarding the alleged misconduct he observed can remedy any evidentiary void created by the seizure of his diaries.

**IV**

Because one of the seized diaries was a log book similar to that used by prison officials, plaintiff was charged with theft of state property. Plaintiff alleges that defendants violated his due process rights by convicting him of theft of state property without any evidence that a state log book had been stolen. However, the charge upon which plaintiff was convicted included "[u]nauthorized use" of state property. ( See Martinez Report Offense 07-1 Attach. G) The undisputed evidence showed that plaintiff had been given the log book by the Sons of the American Legion for use as the organization's public relations officer. The disciplinary committee concluded that any property belonging to a prison organization was state property and that plaintiff misused this property by

-5-

using it for his personal diary. We cannot say that this reasoning is so arbitrary as to violate plaintiff's right to due process of law.

V

Plaintiff argues next that the disciplinary charge was brought against him in retaliation for statements in his diary about several member of the prison staff. One of these staff members was defendant Vincent, who filed the misconduct charge against plaintiff, and whose alleged improprieties were recorded in the diaries. Plaintiff also alleges that his diaries were destroyed in retaliation for the statements contained therein.

We have held that prison officials may not retaliate against or harass an inmate in retaliation for the inmate's exercise of his constitutional rights. Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even where the action taken in retaliation would be otherwise permissible." Id. at 948. To prevail, a prisoner must show that the challenged actions would not have occurred "but for" a retaliatory motive. Id. at 949–50; Peterson, 149 F.3d at 1144.

Plaintiff presented evidence that defendant Vincent brought charges against him immediately after she read his statements about her, that she was angered by the diary allegations, and that she took other steps in retaliation, including labeling plaintiff as a "snitch" and circulating one of his diaries to inmates and

staff. In addition, plaintiff showed that defendant Vincent had no evidence that the log book was stolen when she brought the charges and that his conviction rested only on his affidavits showing that he was given the log book by the Sons of the American Legion. Viewing all inferences in plaintiff's favor, we conclude that summary judgment should not have been granted in favor of defendant Vincent on the retaliation claim, and that plaintiff should be given an opportunity to present his retaliation claim to a trier of fact. [2] Summary judgment against the other named defendants was proper, however, as there is no evidence that they acted based on a retaliatory motive.

Regarding the confiscation and destruction of plaintiff's diaries, even assuming defendants were justified in destroying the allegedly stolen log book, they have not explained why two other diaries were destroyed. As the only reason given for the diaries' seizure and destruction was their content, which allegedly described prison illegalities, we conclude plaintiff has a valid First Amendment claim concerning his diaries against those defendants who were involved in the decisions to seize and destroy them. See Turner v. Safley, 482 U.S. 78, 90 (1987)

---

[2] We note that because plaintiff did not suffer physical injury, he cannot receive compensatory damages for any emotional harm caused by the alleged civil rights violation. See 42 U.S.C. § 1997e(e). He can, however, recover nominal and punitive damages if the trier of fact concludes that his constitutional rights were violated. See Searles v. Van Bebber, 251 F.3d 869, 875–76, 878–80 (10th Cir. 2001).

(emphasizing that restrictions on prisoners' First Amendment rights should "operate[] in a neutral fashion, without regard to the content of the expression").

Plaintiff's evidence shows that three of the named defendants—Vincent, Henry, and Hargett—were involved in the decisions to seize and destroy the diaries. On remand, the district court should conduct further proceedings on plaintiff's First Amendment claim against these defendants. As the Eleventh Amendment bars plaintiff's claims against the State and its employees in their official capacities, the district court should consider only plaintiff's claims against these defendants in their individual capacities.

## VI

The district court dismissed plaintiff's endangerment claim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Legal sufficiency of a claim is a question of law that we review de novo. Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

Dismissal of plaintiff's claim was predicated on failure to allege a compensable injury under 42 U.S.C. § 1997e(e). On appeal, plaintiff does not explain why this conclusion was erroneous, focusing instead on whether there was a factual dispute regarding the circulation of his diaries. Because plaintiff does not argue that the district court's application of § 1997e(e) was incorrect, we affirm the dismissal of his endangerment claim. See Hernandez v. Starbuck, 69

F.3d 1089, 1093 (10th Cir. 1995) (discussing appellant's burden to demonstrate errors and noting that court will not manufacture appellant's argument, but will consider issue waived).

## VII

Plaintiff claims his transferral to DCCC was in retaliation for his participation in the grievances of several inmates regarding a prison television broadcast. A retaliation claim does not arise, however, when the underlying activity is the plaintiff's legal assistance to other inmates, because a prisoner "does not have a protected interest in providing legal representation to other inmates." Maschner, 899 F.2d at 950. Thus, even if plaintiff was transferred because of his participation in the grievance process on behalf of the other inmates, his constitutional rights were not violated.

Plaintiff contends that his transfer was unconstitutional because it deprived him of the opportunity to take and complete classes, which would entitle him to credit against his sentence, and which is a factor affecting security level and parole decisions. Generally speaking, inmates have no legally protected interest in remaining in a particular location of confinement. Meachum v. Fano, 427 U.S. 215, 226–27 (1976). Although plaintiff argues that the ability to take and complete classes is a protected liberty interest, he has not pointed to a state statute creating such an interest. See id.; Sandin v. Conner, 515 U.S. 472,

483–84 (1995). Further, the potential effect of preventing plaintiff from taking classes on the duration of his sentence is "too attenuated to invoke the procedural guarantees of the Due Process Clause." Sandin, 515 U.S. at 487 (holding that effect of misconduct record on duration of sentence was too attenuated even though it was a relevant consideration for parole).

## VIII

Challenge of the seizure of plaintiff's diaries and other property during his transfer to DCCC as deprivations of property without due process of law is also unavailing. Plaintiff asserts that he had a due process right to be present when his property was inventoried, and that the destruction of his property while he had grievances pending violated his due process rights. The district court granted summary judgment in favor of defendants on the ground that Oklahoma provides plaintiff an adequate post-deprivation remedy. We agree.

The Supreme Court has held that an inmate does not have a due process right to be present when his property is searched. Block v. Rutherford, 468 U.S. 576, 590–91 (1984). In addition, random and unauthorized deprivations of property do not violate the Due Process Clause if the state provides an adequate post-deprivation remedy. Although Oklahoma has not waived tort liability for claims arising out of the administration of prisons, see Okla. Stat. tit. 51, § 155(24), a prisoner has a remedy against the state in the form of a replevin

action based on contract, see *Gibson v. Copeland*, 13 P.3d 989, 991–92 (Okla. Ct. App. 2000). Plaintiff is incorrect in arguing that a post-deprivation remedy does not cure a due process violation when the deprivation was intentional. See <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984) (holding post-deprivation remedy is adequate even when deprivation was intentional).

The judgment is **AFFIRMED** in part and **REVERSED** in part, and the case is remanded for further proceedings on plaintiff's retaliation claim against defendant Vincent regarding the bringing of disciplinary charges, and his First Amendment claim against defendants Vincent, Henry, and Hargett, regarding the seizure and destruction of his diaries.

         Entered for the Court


         Carlos F. Lucero
         Circuit Judge