## W. S. ROBERTSON v. GEO. ELDRIDGE AND A. D. ADAMS.

(Filed September 6, 1905.)

PROBATE COURTS—Real Estate—Execution. By section 1 of article 15 of the Statutes of Oklahoma of 1893 (which article was ratified by congress), which provides that probate courts shall not order or decree the sale or partition of real-estate, a sale of real estate made under an execution issued out of such court is absolutely void, and a sheriff's deed to the purchaser conveys no title. And when the land has been condemned for railroad purposes, and the money paid into court, the original owner of the land (who was the judgment debtor in the suit in which the land was sold under such execution) will be entitled to the condemnation money.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before John H. Burford, Trial Judge.*

*Buckner & Son,* for plaintiff in error.

*Cotteral & Horner,* for defendant in error.

Opinion of the court by

BURWELL, J.: Lots number sixteen, seventeen and eighteen, in block number twenty-six, in the city of Guthrie (proper), were, by the townsite board, deeded to George C. Eldridge. He executed his note to the Guthrie National Bank, and W. S. Robertson and Thomas Seely were sureties on such note. When it became due, the Bank sued Eldridge and the sureties in the probate court of Logan county and recovered judgment for $341.50. Execution was issued out of that court, and as no personal property belonging to Eldridge could be found, the sheriff levied the execution on the 'lots in question and, after giving notice, sold them. Robert-

son purchased the lots at such sale, and a sheriff's deed was executed to him therefor. The Denver, Enid and Gulf Railroad Company, in December, 1902, began proceedings to condemn the land for a right of way. The appraisers were appointed, and the condemnation money paid into court. Several parties applied for and were granted leave to intervene in the case, claiming the proceeds of the lots. This case, however, involves only the issue between Eldridge and Robertson. The issues between the other claimants and these parties are presented in a separate appeal filed and now pending in this court. If the deed executed by the sheriff pursuant to the sale made under the execution issued out of the probate court is valid, then Robertson should recover. If not valid, the judgment is incorrect. We have examined all of the cases cited by appellee, which his counsel contend support the contention. They hold that a judgment, under the statutes then in force, was a lien on the real estate of the judgment debtor in the county wherein he resided, except the case of *Chandler v. Colcord*, 1 Okla. 261, which involved the issuance of an execution by the clerk of the district court, on a judgment rendered in the probate court, without the judgment being transferred to the district court by the filing of the proper transcript therein.

By sec. 1 of art. 15 of the Statutes of Oklahoma 1893 (which was ratified by congress) it is provided:

"That probate courts shall not have jurisdiction * * * in any matter wherein the title or boundaries of land may be in dispute, nor to order or decree the sale or partition of real estate."

The selling of the lots in question under the execution issued out of the probate court, was in violation of this

statute, which we have, heretofore, in other cases, held has all of the force of a direct act of congress; and the deed executed by the sheriff, under which Robertson claims, is absolutely void and gave him no right whatever to the land or to the proceeds thereof. By the language,—"nor to order or decree the sale of real estate," it is meant that the probate court in cases within the jurisdiction of the district court, cannot, directly or indirectly, by execution or otherwise, sell or cause to be sold real estate. By this act it was intended that all court sales of real estate should be had either by a decree or order therefor in the district court, or under execution issued therefrom. The legislature may make judgments of the probate courts liens on the real estate of the judgment debtor situated in the county wherein the judgment is rendered, but it cannot authorize the sale of such lands under process issued out of the probate courts. The judgment of the district court decreeing the rights of Robertson to the proceeds of the lots to be paramount to the rights of Eldridge thereto, should be reversed at the cost of appellee. It is so ordered with direction to the trial court to proceed in conformity with the views herein expressed.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.