2001 OK 83

Taylor **BURKE**, Plaintiff/Petitioner,

v.

**WEBB BOATS, INC.,** and Arrowhead Investment and Development Corporation, Inc., of Oklahoma, Defendants/Respondents.

No. 95,154.

Supreme Court of Oklahoma.

Oct. 9, 2001.

G. Steven Stidham, Brian T. Inbody, Brian S. Gaskill, Tulsa, OK, for Plaintiff/Petitioner.

James K. Secrest, Edward J. Main, Secrest, Hill & Folluo, Tulsa, OK, for Defendants/Respondents.

WINCHESTER, J.

¶ 1 The plaintiff/petitioner, Taylor Burke, (Burke) filed his second amended petition against the defendants/respondents, Webb Boats, Inc., and Arrowhead Investment and Development Corporation, Inc., of Oklahoma, (Arrowhead), on November 21, 1997, alleging injury as a result of a boating accident on August 20, 1994. At the time of the accident, Burke was fifteen years old, and on an outing with a youth group from The First Presbyterian Church, U.S.A. of Tulsa, Oklahoma. The church leased a boat from Arrowhead, and one of the church's employees or agents drove the boat.

¶ 2 Burke settled his claim against the church and the boat's operator, releasing them both from further liability for the accident, but specifically excepted from the release his claims against Arrowhead. Burke then sought relief from Arrowhead in this action, relying on 63 O.S.1991, § 4215, which provides:

> The owner of a vessel shall be liable for any injury or damage occasioned by the negligent operation of such vessel, whether such negligence consists of a violation of the provisions of the statutes of this state, or the violation of any municipal ordinance, or neglecting to observe such ordinary care and such operation as the rules of the common law require. The owner shall not be liable, however, unless such vessel is being used with his express or implied consent. Nothing contained herein shall be construed to relieve any other person from any liability which he would otherwise have.

¶ 3 In January 1999, Arrowhead filed "Defendant Arrowhead's First Motion for Partial Interlocutory Summary Adjudication and Brief in Support." Arrowhead argued that under § 4215 its liability was vicarious, and therefore Burke's release of the operator of the boat released Arrowhead as a matter of law. The trial court granted Arrowhead's motion and by order filed July 26, 2000, the court certified the interlocutory order for immediate appeal. On October 9, 2000, this Court granted certiorari. The issue is whether the trial court erred in concluding that the release of the operator of the boat also served as a release of Arrowhead from vicarious liability, even though Arrowhead was specifically excluded in the release.

## I. COMMON LAW RULE

¶ 4 The parties agree that the common law rule governing this case is found in *Mid–Continent Pipeline Co. v. Crauthers*, 1954 OK 61, 267 P.2d 568. In that case the plain-

tiff, Crauthers, sued the defendant, Mid Continent Pipeline Company, for damages resulting from oil pollution of a stream on Crauthers' land, which resulted in the death of a cow and unborn calf, and injury to other cattle. Oil had escaped into the Crauthers' stream when a substitute pumper, hired by the Colpitts, agents of the pipeline company, failed to set the valves of the pipeline properly. Crauthers executed a "Release and Covenant Not to Sue" in favor of the Colpitts in return for a payment of $300.00 as full settlement of the claim against the Colpitts. The document expressly reserved a right of action against any other persons who might have caused or assisted in causing any such damage. After trial, the jury returned a judgment against Mid Continent Pipeline Company for $650.00, and the company appealed.

¶ 5 This Court first observed that any liability of the company existed only by virtue of the doctrine of respondeat superior, that is, a master is liable for injury to the person or property of another proximately resulting from the acts of his servant done within the scope of the servant's employment. *Mid-Continent Pipeline Co.*, 1954 OK 61, ¶¶ 19–20, 267 P.2d at 571. The Court held that where the servant was released, the plaintiff was not entitled to recover from the master. *Mid-Continent Pipeline Co.*, 1954 OK 61, ¶ 21, 267 P.2d at 571.

## II. UNIFORM CONTRIBUTION AMONG TORTFEASORS ACT

¶ 6 After acknowledging the common law rule found in *Mid-Continent Pipeline Co.*, the plaintiff argues that the Uniform Contribution Among Tortfeasors Act (UCATA), 12 O.S.Supp.2000, § 832, abrogated the common law rule. The plaintiff cites 12 O.S.Supp. 1995, § 832(H)(1), which provides:

"H. When a release, covenant not to sue, or a similar agreement is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

"1. It does not discharge any other tort-feasor from liability for the injury or wrongful death unless the other tort-feasor

is specifically named; but it reduces the claim against others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is greater...."

¶ 7 The plaintiff alleges that the boat operator and Arrowhead are two persons "liable in tort," as the terms are used in subsection H. When the plaintiff released the boat operator he specifically excepted Arrowhead from the release. The plaintiff believes that these facts satisfy the conditions of UCATA, and therefore the release of the boat operator does not release Arrowhead.

¶ 8 The plaintiff acknowledges that the issue before this Court is one of first impression. He asserts that Oklahoma's version of UCATA was intended to abolish the old harsh rule that the release of one tort-feasor released all other tort-feasors jointly liable for the tort, and cites *Moss v. City of Oklahoma City*, 1995 OK 52, ¶ 11, 897 P.2d 280, 284, and *Shadden v. Valley View Hosp.*, 1996 OK 140, ¶ 12, 915 P.2d 364, 368. But the plaintiff recognizes that Arrowhead's liability is vicarious. He argues that because this action is based on negligence, Arrowhead is liable "in tort", and therefore UCATA controls vicarious liability cases as well as multiple tort-feasor cases. He characterizes the *Mid-Continent Pipeline Co.* rule as another harsh common law rule, which he concludes has been abolished by UCATA. The plaintiff acknowledges that the states which have enacted UCATA, both the 1939 and 1955 versions, are split over the issue of whether UCATA was intended to control in cases involving vicarious liability. He cites three cases from jurisdictions, which like Oklahoma, adopted the 1955 version of UCATA, as supporting his view that, under UCATA, release of a tort-feasor does not release one who is vicariously liable for the tort: *Alaska Airlines v. Sweat*, 568 P.2d 916 (Alaska, 1977) (Alaska subsequently repealed UCATA in 1989), *Van Cleave v. Gamboni Constr. Co.*, 101 Nev. 524, 706 P.2d 845 (Nev.1985), *Yates v. New South Pizza Ltd.*, 330 N.C. 790, 412 S.E.2d 666 (1992). Arrowhead lists four cases from other jurisdictions that had adopted the 1955 version of UCATA, which support its view: *Arnold v. Colorado State*

*Hospital,* 910 P.2d 104 (Colo.Civ.App.1995), *Elias v. Unisys Corp.,* 410 Mass. 479, 573 N.E.2d 946 (1991), *Horejsi v. Anderson,* 353 N.W.2d 316 (N.D.1984), and *Craven v. Lawson,* 534 S.W.2d 653 (Tenn.1976).

¶ 9 While a party who is vicariously liable for an injury in a tort action may be described as "liable in tort," that designation does not resolve the issue. In both *Moss* and *Shadden,* the defendants were alleged to have committed negligent acts and to be actual tort-feasors. A tort-feasor is a wrong-doer, that is, one who is guilty of a tort. *Theophelis v. Lansing General Hospital,* 430 Mich. 473, 483, 424 N.W.2d 478, 483 (1988), citing Black's Law Dictionary (5th ed.). "Vicarious liability is imposed by law when one person is made answerable for the actionable conduct of another." *Braden v. Hendricks,* 1985 OK 14, ¶ 18, n. 24, 695 P.2d 1343, 1351, n. 24. The liability is not the result of fault, but a matter of allocation of risk, which is established by law, in this particular instance, by 63 O.S.1991, § 4215.

¶ 10 When construing statutes, this Court considers the whole act in light of its general purpose and objective, and not just the individual provisions separately. *Community Bankers Assoc. v. Oklahoma State Banking Board,* 1999 OK 24, ¶ 16, 979 P.2d 751, 756. Initially, we observe that Oklahoma's statute was taken from the "Uniform Contribution Among Tortfeasors Act." In considering vicarious liability, there are two problems just within the title of UCATA. First, one who is vicariously liable does not fit the conventional definition of tort-feasor, as we have noted above. Second, there is no contribution between a tort-feasor and one who is by law liable for damages caused by that tort-feasor. A master is entitled to indemnity from the servant where the negligence of the servant causes damage to a plaintiff but no fault is attributable to the master. *Porter v. Norton–Stuart Pontiac-Cadillac of Enid,* 1965 OK 18, 405 P.2d 109.

¶ 11 In construing statutes the terms are given their plain and ordinary meaning, except when a contrary intention plainly appears. *Neer v. State ex rel. Oklahoma Tax Com'n,* 1999 OK 41, ¶ 16, 982 P.2d 1071, 1078.

In contrast, to accept UCATA as applicable to vicarious liability cases, tort-feasor must be redefined as in *Yates v. New South Pizza,* 330 N.C. 790, 793–794, 412 S.E.2d 666, 669, where the court proclaimed that their version of UCATA "broadens the definition of 'tort-feasor' to encompass a vicariously liable master." The court continued, "Stated differently, *for purposes of this Act,* a 'tort-feasor' is one who is liable in tort." (Emphasis in original.) Such a definition is not the plain and ordinary definition of the term "tort-feasor," nor does a contrary intention plainly appear.

¶ 12 Section 832 of title 12 does not express any intent of the Legislature to change the common law rule found in *Mid–Continent Pipeline Co.* The Legislature could have easily accomplished such a result by defining the word "tort-feasor" to include one who is vicariously liable for the tort of another, but it did not do so. Title 12 O.S. 1991, § 2 provides that the common law remains in force unless explicitly modified by constitutional or statutory law. *Greenberg v. Wolfberg,* 1994 OK 147, ¶ 11, 890 P.2d 895, 900. Although a statute may take away a common law right, there is always a presumption that the Legislature has no such intention, unless it is plainly expressed. *Greenberg,* 1994 OK 147, ¶ 11, 890 P.2d at 900, *Reaves v. Reaves,* 1905 OK 32, 82 P. 490, 495. Because we see no evidence in UCATA that the Legislature intended to change the common law rule, we hold that the release of the operator of the boat also served as a release of Arrowhead from vicarious liability, even though Arrowhead was specifically excluded in the release.

¶ 13 HARGRAVE, C.J., HODGES, LAVENDER, OPALA, BOUDREAU, WINCHESTER, JJ., concur.

¶ 14 WATT, V.C.J., KAUGER, SUMMERS, JJ., dissent.