Patrick O'BANION, Plaintiff–
Appellant,

v.

Rondle ANDERSON, W. Hartly, Doris
Gast, et al., Defendants–
Appellees.

No. 01–4201.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 25, 2002.*

Decided Oct. 25, 2002.

Rehearing and Suggestion for Rehearing
En Banc Denied Nov. 26, 2002.

Before COFFEY, EASTERBROOK,
and MANION, Circuit Judges.

* Appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. See Fed. R.App. P. 34(a)(2).

## ORDER

Patrick O'Banion, an inmate at Indiana's Wabash Valley Correctional Facility, filed a complaint under 42 U.S.C. § 1983 alleging that an unnamed prison employee destroyed his "religious property" without due process. O'Banion alleges that after converting to the "Native–American" religion he requested that prison officials purchase a list of religious items worth $56.00, including imitation feathers and furs. The items were purchased with O'Banion's funds and delivered to the prison in May 1999, but withheld until O'Banion paid an additional $3.00 for postage. On July 1, 1999, a staff member in the prison's purchasing department informed O'Banion that his items were to be destroyed for lack of approval, but a week later O'Banion received contradictory notice that two prison chaplains had approved delivery of the items to him. Notwithstanding the chaplains' approval, an unnamed employee destroyed the items on July 26. The district court screened O'Banion's complaint and dismissed it as frivolous, holding that Indiana law provides an adequate post-deprivation remedy for his loss. O'Banion appeals and we affirm.

On appeal O'Banion argues that the district court erred in dismissing his complaint without permitting him an opportunity to cure its deficiencies. We review dismissals under 28 U.S.C. § 1915A(b)(1) for abuse of discretion. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir.2002). O'Banion's complaint cannot be salvaged by repleading, for his contentions are frivolous.

■ O'Banion's due process claim requires him to show that he was deprived of a constitutionally protected life, liberty, or property interest without sufficient procedural safeguards. *Siebert v. Severino*, 256 F.3d 648, 659 (7th Cir.2001). But O'Banion alleges that the prison authorities had *approved* his request for the Native Amer-

ican items, and that their destruction was the unauthorized act of an unnamed prison employee. When property is taken or destroyed through such an unauthorized act of a state employee, there can be no claim for violation of due process if an adequate post-deprivation remedy exists under state law. *Hudson v. Palmer*, 468 U.S. 517, 531–36, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 535–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). O'Banion's federal claim under § 1983 is foreclosed because adequate state remedies exist to compensate him for lost property. *See Gable v. City of Chicago*, 296 F.3d 531, 539 (7th Cir.2002). Specifically, Indiana's Tort Claims Act, Ind. Code § 34–13–3–1, *et seq.*, creates a state-law mechanism by which O'Banion may seek compensation.

■ In order to avoid this outcome, O'Banion attempts to frame his claim for lost property as one for a violation of the First Amendment's Free Exercise Clause. We have previously held that an inmate may pursue a claim under § 1983 for violation of substantive constitutional rights, despite the existence of state tort remedies. *Nance v. Vieregge*, 147 F.3d 589, 590–91 (7th Cir.1998). Nevertheless, O'Banion has no First Amendment freedom-of-religion claim because he does not suggest that the confiscation of his property restricted the exercise of his religious beliefs. He cannot resurrect his property claim simply by characterizing the feathers and furs as "religious property" without alleging that his religious observance was unreasonably restricted, *see Employment Div. v. Smith*, 494 U.S. 872, 877, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990); *Turner v. Safely*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Canedy v. Boardman*, 91 F.3d 30, 33 (7th Cir.1996) (inmate's free exercise right does not "depend upon his ability to pursue each and every aspect of

the practice of his religion"), or that prison authorities destroyed the items because of their religious nature, or as discrimination against his particular religion. *See, e.g., Sasnett v. Litscher,* 197 F.3d 290, 293 (7th Cir.1999).

Finally, we note that O'Banion's pursuit of a frivolous complaint and this appeal counts as two strikes under 28 U.S.C. § 1915(g).

AFFIRMED.