**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARTIN JAMES PETERSON,

Plaintiff-Appellant,

v.

ROBERT O. LAMPERT, Director,
Wyoming Department of Corrections, in
his official capacity; RICHARD L.
CATON, Facility Director, Casper
Re-Entry Center, in his official capacity,

Defendants-Appellees.

No. 11-8107
(D.C. No. 2:11-CV-00231-CAB)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **HOLLOWAY**, and **MATHESON**, Circuit Judges.

---

Plaintiff Martin James Peterson, proceeding pro se and in forma pauperis,

appeals from dismissal of his 42 U.S.C. § 1983 prisoner civil rights complaint. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff brought this action as a result of the alleged loss of certain religious personal property, including a crystal wand, tarot cards, feathers, incense, a prayer cloth, and a satanic Bible, after a transfer from the Casper Re-Entry Center (CRC) to the Wyoming State Penitentiary (WSP). Two boxes of Plaintiff's property left the CRC, but WSP employees only received one box. Plaintiff alleged the loss of these items restricted his ability to practice his religion. He demanded $1,000 per day from April 1, 2010, until January 17, 2014, for loss of religious rights; $624,000 to compensate him for not being able to perform his religious rituals; and $800,000 for Defendants' failure to "perform[] their duties that is [sic] [r]equired of them [b]y [the] [S]tate of Wyoming." R. at 12. Plaintiff submitted multiple grievance forms in his effort to recover his personal property. WSP officials conducted an investigation and found that WSP had no record of receiving more than one box from CRC. Defendant Richard L. Catron (improperly captioned as Richard L. Caton), facility director of CRC,[1] responded to Plaintiff's grievance requests and agreed to pay for a Satanic Bible, the only item he could verify as missing. Plaintiff's further grievance requests to WSP were returned as deficient.

---

[1] Plaintiff sued Defendants in their official capacities in the district court. In his appellate filings, Plaintiff now attempts to include Defendants in their individual capacities. Plaintiff's motion to amend in the district court did not include adding Defendants in their individual capacities, and Plaintiff did not otherwise raise the issue earlier. We do not consider claims raised for the first time on appeal. *See Ark Initiative v. U.S. Forest Serv.*, 660 F.3d 1256, 1261 (10th Cir. 2011) ("If the claims are not preserved in the district court, they are forfeited and may not be appealed.").

Defendant Catron moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Since Plaintiff did not specify the legal grounds for his claims, the district court liberally interpreted his complaint to set forth three possible claims:  (1) a violation of due process under the Fourteenth Amendment for deprivation of his religious property; (2) a violation of his right to free exercise of religion under the First Amendment; and (3) a statutory claim under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1.  The district court held that a meaningful post-deprivation remedy satisfied Plaintiff's due process rights.  The district court also held that Plaintiff failed to state a claim that Defendants violated his First Amendment rights because Plaintiff did not allege that any prison regulation or procedure was responsible for the loss of his religious items.  Finally, the district court held that Plaintiff could not prevail under RLUIPA.

Defendant Robert O. Lampert, Director of Wyoming Department of Corrections, moved separately to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based on Eleventh Amendment immunity, and in the alternative for failure to state a claim under Rule 12(b)(6).  The district court held that Eleventh Amendment immunity applied and that the court therefore lacked jurisdiction over Plaintiff's claims, which sought "damages for past acts and not prospective injunctive relief."  R. at 172.

The district court also held that based on the facts alleged it would be futile for Plaintiff to amend his complaint against either Defendant. He therefore denied Plaintiff's request to amend. Plaintiff appeals.

We review a district court's dismissal of a § 1983 complaint for failure to state a claim de novo. *See Riddle v. Mondragon*, 83 F.3d 1197, 1201 (10th Cir. 1996). We also review de novo a district court's dismissal pursuant to Rule 12(b)(1) for lack of jurisdiction based on Eleventh Amendment immunity. *See Elephant Butte Irrigation Dist. of N.M. v. Dep't of Interior*, 160 F.3d 602, 607 (10th Cir. 1998). A district court's dismissal of a pro se plaintiff's complaint without allowing an opportunity to amend the complaint is permissible "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991) (internal quotation marks and citation omitted). We review such decisions de novo. *See Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

There is no Fourteenth Amendment "due process violation [] when a state employee negligently deprives an individual of property, so long as the state provides an adequate post-deprivation remedy." *Wolfenbarger v. Williams*, 774 F.2d 358, 363 (10th Cir. 1985). Further, a negligent act alone cannot form the basis of a Fourteenth Amendment property-deprivation claim. *See Daniels v. Williams*, 474 U.S. 327, 330-331 (1986). It is also true that there is no due process violation where the loss of

property results from the intentional, but random and unauthorized act of a state employee, where an adequate post-deprivation remedy exists. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "Th[e] distinction between random, unauthorized conduct and conduct pursuant to established state procedure is significant." *Wolfenbarger*, 774 F.2d at 364.

It appears from the pleadings that Plaintiff has pled negligent behavior on behalf of Defendants, and thus his claims fall short of a due process claim. But even if Plaintiff could plead that the loss of his property was the result of intentional behavior, Plaintiff has failed to claim that an established state procedure, or anything other than a random, unauthorized act, was responsible for the missing box. Furthermore, Plaintiff participated in the prison's grievance process, which is a sufficient post-deprivation remedy.[2] *See Hudson*, 468 U.S. at 536 n.15. Therefore, Plaintiff's due process claims fail.

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citation omitted). "[I]n order to allege a constitutional violation based on a free exercise claim, a prisoner-plaintiff must survive a two-step inquiry." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

---

[2] Plaintiff had a further post-deprivation remedy in the form of a replevin action based on contract in the Oklahoma state courts. *See Gibson v. Copeland*, 13 P.3d 989, 991-92 (Okla. Ct. App. 2000); *see also* Okla. Stat. tit. 12, § 1751(A)(2) (2012). Plaintiff does not allege that such remedy was unavailable or deficient.

The plaintiff "must first show that a prison regulation substantially burdened sincerely-held religious beliefs." *Id*. (internal quotation marks and ellipsis omitted). Plaintiff in this case has failed to show a prison regulation that substantially burdened his free exercise of religion, and thus he fails to survive step one. Furthermore, as the district court noted, "an isolated act of negligence would not violate an inmate's First Amendment right to free exercise of religion." *Gallagher v. Shelton*, 587 F.3d 1063, 1070 (10th Cir. 2009). Thus, Plaintiff's First Amendment claims also fail.

A plaintiff must set forth three elements in a RLUIPA claim: a defendant must want "to engage in (1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312 (10th Cir. 2010). A person's religious exercise is substantially burdened

> when a government (1) requires participation in an activity prohibited by a sincerely held religious belief, or (2) prevents participation in conduct motivated by a sincerely held religious belief, or (3) places substantial pressure on an adherent either not to engage in conduct motivated by a sincerely held religious belief or to engage in conduct contrary to a sincerely held religious belief.

*Id*. at 1315. Unlike the plaintiff in *Abdulhaseeb*, Plaintiff in this case has failed to identify any prison policy that prevented his participation or substantially burdened his right to exercise his religion. *See id*. at 1317. Thus, Plaintiff's RLUIPA claims also fail.

As for Plaintiff's claims against Defendant Lampert, it is well-established that "the Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). This Eleventh Amendment bar also applies to RLUIPA claims. *See Sossamon v. Texas*, 131 S. Ct. 1651, 1663 (2011). As Plaintiff only requests money damages in his complaint, his claims are necessarily barred.

Finally, as for Plaintiff's motion to amend his complaint, leave to amend a complaint should be freely granted in the interest of justice. See Fed. R. Civ. P. 15(a)(2). However, the district court aptly noted that "since [Plaintiff's] claims are confined to a single instance, and nothing more, giving him an opportunity to amend his Complaint would be futile. There is no way in which the negligent loss of one box of religious items could be framed to constitute a Constitutional violation." R. at 187; *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."). We agree. Further, Plaintiff's proposed amended complaint merely added the claim that Defendants were responsible for the actions of their employees. In fact, "under 42 U.S.C. § 1983, government officials may not be held vicariously liable for the conduct of their subordinates." *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

We accordingly **AFFIRM** the district court's dismissal of Plaintiff's claims.

All other pending motions are **DENIED** as moot.[3]

                                          Entered for the Court


                                          William J. Holloway, Jr.
                                          Circuit Judge

---

[3]     The district court granted Plaintiff ifp status and ordered the WSP officials to make periodic withdrawals from Plaintiff's account until the court's fees were paid in full. It is unclear whether Plaintiff is still incarcerated. If so, we note that the district court's order is still in effect.