**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 8, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HESHIMO YAPHET CARR,

      Plaintiff - Appellant,

v.

THOMAS ZWALLY; EL PASO
COUNTY, COLORADO,

      Defendants - Appellees.

No. 18-1197
(D.C. No. 1:18-CV-00073-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **MATHESON**, and **EID**, Circuit Judges.

Plaintiff-Appellant Heshimo Yaphet Carr filed an action pursuant to 42

U.S.C. § 1983 alleging that Defendants-Appellees Thomas Zwally[1] and El Paso

County, Colorado violated multiple constitutional rights by discarding personal

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]      Although the second amended complaint (i.e., the operative one here) spells this Defendant-Appellee's surname as "Zwalley," R. at 76 (Prisoner Compl., filed Mar. 26, 2018), we use the "Zwally" spelling found in Defendants-Appellees' briefing.

property that Mr. Carr kept in his jail cell.  The district court dismissed the case as legally frivolous pursuant to 28 U.S.C. § 1915A(b).  Exercising jurisdiction under 28 U.S.C. § 1291, we conclude Mr. Carr has failed to plausibly allege constitutional violations against either Mr. Zwally or El Paso County.  We thus **affirm** the judgment of the district court.  We also **deny** Mr. Carr's motion to proceed *in forma pauperis* on appeal and **impose** a "strike" under 28 U.S.C. § 1915(g).

## I

### A

Mr. Zwally worked as an El Paso County sheriff's deputy at the county jail.[2]  While Mr. Carr was incarcerated at this jail, Mr. Zwally allegedly entered Mr. Carr's cell and "removed [his] pro-se inmate legal material" and "all [his] religious material," including "2 Holy Bibles."  R. at 79.  The removed legal material included "case laws" along with "months['] worth of important pro-se legal work and materials and [attorney] correspondence."  *Id.* at 79, 82.  Further, removal of these materials allegedly "forced [Mr. Carr] to abort trial preparation

---

[2]     These allegations come from Mr. Carr's second amended complaint, the operative complaint.  R. at 76–85.  While Mr. Carr asks us to review the prior iterations of his complaint, we decline to do so.  "[I]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."  *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665 (2d Cir. 1977)).  In our analysis (i.e., Parts III and IV), occasional shorthand references to "the complaint" relate solely to the second amended complaint.

2

and take [a] plea bargain" in an unspecified criminal case. *Id.* at 84. The removal

of the religious materials allegedly "prevent[ed] [Mr. Carr] from practicing [his]

religion," *id.* at 79, and "worship[ping]," *id.* at 82.

Cameras in the facility allegedly recorded Mr. Zwally "discarding [the]

inmate property into [a] waste bin." *Id.* at 79; *see also id.* at 82–83. Mr. Carr

alleges that Mr. Zwally acted "knowingly," "oppressively," "abusively,"

"purposely," and "vindictively" in discarding the property. *Id.* at 82, 84. Two

other officers allegedly "researched" the matter, but "were unable to locate any of

the items." *Id.* at 79.

**B**

Mr. Carr filed a § 1983 complaint in state court, which the defendants

removed to federal court. Upon removal, the presiding federal magistrate judge

reviewed the complaint pursuant to 28 U.S.C. § 1915A, ruled that it failed to state

a claim, and directed Mr. Carr to file an amended complaint. Mr. Carr objected to

the order and moved for the magistrate judge to recuse himself. The district court

overruled the objection to the magistrate judge's order and allowed the magistrate

judge to address the recusal motion in the first instance. The magistrate judge

denied the recusal motion. Mr. Carr filed an amended complaint, which the

magistrate judge again rejected. The magistrate judge ordered Mr. Carr to file a

second amended complaint, which Mr. Carr then did.

The district court reviewed the second amended complaint and found that it

3

too failed to state a plausible claim. The court first opined that Mr. Carr had failed to allege facts concerning El Paso County's involvement in any alleged violation, and so dismissed the claims against it. The court then construed the remainder of the complaint as asserting that Mr. Zwally violated Mr. Carr's rights under the First Amendment's Free Exercise Clause, the Fourteenth Amendment's Due Process Clause, and the Constitution's guarantee of access to the courts.[3] The court concluded that Mr. Carr had failed to allege arguable violations under these three theories and dismissed the complaint as legally frivolous pursuant to 28 U.S.C. § 1915A(b). The court also certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and thus denied *in forma pauperis* status for purposes of appeal. Mr. Carr timely appealed, and he now seeks reversal of the district court's decision and to proceed *in forma pauperis*.

## II

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "This court reviews frivolousness

---

[3] *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (describing "the basis of the constitutional right of access to courts" as "unsettled"); *id.* at 415 n.12 (collecting cases attributing the right to Article IV's Privileges and Immunities Clause, the First Amendment, the Fifth Amendment, and the Fourteenth Amendment).

4

dismissals for an abuse of discretion." *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003). However, when, as here, the district court's decision turns on "a legal issue," "we must review" that decision de novo. *Id.*; *see Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (reviewing de novo a dismissal pursuant to § 1915A(b) that was based on the legal determination that the prisoner's complaint did not state a claim upon which relief could be granted). This is because "a district court always abuses its discretion when it errs on a legal question, and we decide the presence or absence of legal error de novo." *El Encanto, Inc. v. Hatch Chile Co.*, 825 F.3d 1161, 1162 (10th Cir. 2016).

Thus, we ask whether Mr. Carr's second amended complaint contains sufficient facts to "state a claim to relief that is plausible on its face," taking all well-pleaded facts, but not conclusory allegations, as true and construing them in the light most favorable to him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Finally, "we must construe a pro se appellant's complaint liberally," and "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d

5

1214, 1217–18 (10th Cir. 2007) (quoting first *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002), and then *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)). Although we liberally construe Mr. Carr's pro se complaint, we do not act as his advocate. *See, e.g.*, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## III

Reviewing Mr. Carr's second amended complaint, we conclude that he has failed to plausibly allege that either Mr. Zwally or El Paso County violated his constitutional rights.

## A

Mr. Carr starts by arguing that the disposal of his religious materials violated the First Amendment's Free Exercise Clause. The Supreme Court has stated that "[w]here the claim is invidious discrimination in contravention of the First . . . Amendment[], [its] decisions make clear that the plaintiff must plead and prove that the defendant acted with discriminatory purpose." *Iqbal*, 556 U.S. at 676 (citing *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 540–541 (1993) (plurality op. of Kennedy, J.)). "[P]urposeful discrimination . . . . involves a decisionmaker's undertaking a course of action '"because of," not merely "in spite of," [the action's] adverse effects upon an identifiable group.'" *Id.* at 676–77 (alteration in original) (quoting *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)). Thus, to plausibly state a claim of religious

6

discrimination, Mr. Carr "must plead sufficient factual matter to show that" Mr. Zwally took his Bibles and religious materials "not for a neutral . . . reason but for the purpose of discriminating on account of . . . religion." *Id.* at 677; *see also Pahls v. Thomas*, 718 F.3d 1210, 1230 n.8 (10th Cir. 2013) ("[W]here liability is to be imposed upon an individual defendant for discrimination in violation of the First Amendment, a plaintiff must prove a discriminatory purpose, supported by evidence of the defendant's subjective motivations.").[4]

The operative complaint fails to plausibly allege that Mr. Zwally acted with discriminatory purpose. It alleges that Mr. Zwally "removed . . . all [Mr. Carr's] religious material," including "2 Holy bibles." R. at 79. This removal "prevent[ed] [Mr. Carr] from practicing [his] religion" and "worship[ping]." *Id.* at 79, 82. Mr. Carr alleges that Mr. Zwally acted "knowingly," "oppressively,"

---

[4] We analyze this claim differently than the district court, as Mr. Carr's allegations concern an individual act of discrimination instead of a policy or regulation. Relying on our decision in *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205 (10th Cir. 1999), the district court mistakenly applied the analytical "standard for reviewing the validity of a prison regulation or policy affecting a prisoner's fundamental constitutional right, such as the free exercise of his or her religion." *Id.* at 1209; *see* R. at 89 (Order of Dismissal, filed Apr. 6, 2018). However, "because '[t]he legal sufficiency of a complaint is a question of law,' we may affirm the district court's dismissal order if we independently determine that plaintiff failed to state a claim." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (alteration in original) (citation omitted) (quoting *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003)). More generally, it is well settled that "we may affirm on any ground supported by the record." *A.M. v. Holmes*, 830 F.3d 1123, 1162 & n.23 (10th Cir. 2016) (collecting cases), *cert. denied sub nom. A.M. ex rel. F.M. v. Acosta*, --- U.S. ----, 137 S. Ct. 2151 (2017).

7

"abusively," "purposely," and "vindictively" in removing the property. *Id.* at 82, 84. But nothing in the complaint provides "sufficient factual matter to show that" Mr. Zwally took Mr. Carr's Bibles and religious materials "not for a neutral . . . reason but for *the purpose of* discriminating on account of . . . religion." *Iqbal*, 556 U.S. at 677 (emphasis added). All allegations are to the contrary. Mr. Carr alleges the religious items were taken alongside other non-religious material; he does not allege that the religious materials themselves were targeted. And while Mr. Carr alleges that Mr. Zwally acted "knowingly," "oppressively," "abusively," "purposely," and "vindictively," R. at 82, 84, the complaint at most suggests that Mr. Zwally removed the property out of a personal animus and never connects these adverbs to anything about Mr. Carr's religion (which is itself never specified).

Panels of this court and other courts have declined to find First Amendment violations on similar facts. *See Peterson v. Lampert*, 499 F. App'x 782, 783, 785 (10th Cir. 2012) (unpublished) (holding that negligent "alleged loss of certain religious personal property" did not support free exercise claim); *O'Banion v. Anderson*, 50 F. App'x 775, 776–77 (7th Cir. 2002) (unpublished) (holding that prisoner could not plead a free exercise claim based on the destruction of religious furs and feathers "without alleging that his religious observance was unreasonably restricted, or that prison authorities destroyed the items because of their religious nature, or as discrimination against his particular religion"

8

(citations omitted)); *Shidler v. Moore*, 409 F. Supp. 2d 1060, 1069–70 (N.D. Ind. 2006) (dismissing free exercise claim based on confiscation of religious mail because prisoner additionally alleged that he was being denied *all* mail addressed to "any name other than his incarceration name," undermining any "allegation of an intent to deprive [the prisoner] of access to religious property").

In sum, Mr. Carr has failed to allege that Mr. Zwally acted "because of" an effect on Mr. Carr's religion, and, consequently, his Free Exercise Clause is not viable. *Cf. Lukumi Babalu Aye*, 508 U.S. at 540 (plurality op. of Kennedy, J.) (describing suspect "ordinances [that] were enacted '"because of," not merely "in spite of,"' their suppression of Santeria religious practice" (quoting *Feeney*, 442 U.S. at 279)).[5]

**B**

Mr. Carr also argues that the disposal of his property violated the Fourteenth Amendment's Due Process Clause. But "[t]he intentional deprivation of property is not a [F]ourteenth [A]mendment violation if adequate state post-deprivation remedies are available." *Durre v. Dempsey*, 869 F.2d 543, 547

---

[5] Mr. Carr's complaint also gestures at claims arising under the Fourteenth Amendment's Equal Protection Clause. R. at 79. As with the Free Exercise Clause claim, Mr. Carr's failure to allege that Mr. Zwally acted with discriminatory purpose dooms any Equal Protection Clause claim, as does his failure to allege that he was a member of any protected class. *Cf. Lukumi Babalu Aye*, 508 U.S. at 540 (plurality op. of Kennedy, J.) (relying on "guidance" from Equal Protection Clause caselaw in Free Exercise Clause analysis and discussing the relationship between the two clauses).

9

(10th Cir. 1989) (per curiam); *see Requena v. Roberts*, 893 F.3d 1195, 1212 (10th Cir. 2018) ("[D]ue process is satisfied so long as 'a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))). A plaintiff "must plead facts showing that his state [post-deprivation] remedy was *inadequate*." *Requena*, 893 F.3d at 1212–13 (alteration in original) (emphasis added) (quoting *Johnson v. Whitney*, 723 F. App'x 587, 593 (10th Cir. 2018) (unpublished)); *accord Durre*, 869 F.2d at 548. Here, Mr. Carr's complaint fails to contain allegations concerning the adequacy *vel non* of post-deprivation remedies, and so he fails to state a Due Process Clause claim.

### C

Mr. Carr next alleges that he was denied access to the courts because his legal documents were thrown out. In making a court-access claim, a plaintiff must make allegations "sufficient to give fair notice to a defendant" of "the underlying cause of action and its lost remedy." *Christopher*, 536 U.S. at 416; *see also id.* at 415–17 (observing that underlying claim must be described well enough to permit evaluation of whether it is "arguable" and "nonfrivolous"). More specifically, the plaintiff must allege that denial of access to the courts caused him "actual injury." *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) ("[A] prisoner must demonstrate actual injury from interference with his access to the courts—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his

10

conditions of confinement."); *accord Lewis v. Casey*, 518 U.S. 343, 351–52 (1996) (observing that, where inmate's court-access claim concerns adequacy of law library or legal assistance program, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense"; instead, he must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim").

Mr. Carr's allegations are general and concern unspecified "legal work," including "case laws" and attorney correspondence. R. at 79, 82. These generic allegations, without more context, insufficiently allege actual injury because they do not identify the relevance of the work to any particular nonfrivolous claim. *Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006). The complaint does at one point allege that removal of these materials "forced [Mr. Carr] to abort trial preparation and take [a] plea bargain" in an unspecified criminal case. R. at 84. However, the complaint does not describe whether Mr. Carr was represented by counsel or proceeding pro se in that matter. This is important because a court-access claim is necessarily intertwined with the assistance *vel non* of counsel. *See United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999) ("It is well established that providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library."); *accord Lewis v. Clark*, 577 F. App'x 786, 796–97 (10th Cir. 2014) (unpublished) (affirming dismissal of court-

11

access claim because prisoner was represented by counsel in underlying criminal case). Furthermore, Mr. Carr does not allege anything regarding the nature or objectives of his trial preparations, or specifically how the loss of his legal property scuttled those preparations. While Mr. Carr need not "prove a case within a case," *Simkins v. Bruce*, 406 F.3d 1239, 1244 (10th Cir. 2005), to prevail on his court-access claim, he cannot establish the requisite actual injury allegedly stemming from his acceptance of a plea bargain by offering only vague and conclusory allegations (e.g., lost "legal work"). Thus, we affirm the dismissal of this claim.

## D

Mr. Carr argues that the disposal of his property was an unreasonable search and seizure under the Fourth Amendment.[6] However, the Supreme Court has "conclude[d] that prisoners have no legitimate expectation of privacy and that the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." *Hudson*, 468 U.S. at 530. Likewise, "the same reasons that le[d] [the Supreme Court] to conclude that the Fourth Amendment's proscription against unreasonable searches is inapplicable in a prison cell, apply with

---

[6] Although the district court did not construe Mr. Carr's complaint as presenting a Fourth Amendment claim, interpreting his pro se filings liberally, we nevertheless independently address those portions of Mr. Carr's complaint that at least hint at such a claim. *See, e.g.*, R. at 82–83 (alleging Mr. Zwally "violated [Mr. Carr's] 4th Amendment" by "search[ing] and seiz[ing]" "personal property").

12

controlling force to seizures." *Id.* at 528 n.8. While *Bell v. Wolfish*, 441 U.S. 520 (1979), assumed that Fourth Amendment interests are implicated by cavity searches of prisoners, we have distinguished that case from *Hudson* as concerning "[t]he prisoner's privacy interest in the integrity of his own person." *Dunn v. White*, 880 F.2d 1188, 1191 (10th Cir. 1989) (per curiam). Because any privacy interest here did not relate to Mr. Carr's person—indeed, he was not even in the cell when the alleged disposal occurred—Mr. Carr's claim fails.[7]

**E**

Mr. Carr alleges that El Paso County was liable for Mr. Zwally's actions because it "hired and supervised [Mr. Zwally] and failed to prevent [Mr. Carr's] loss or consequence [*sic*] [Mr. Zwally]." R. at 79. Even if an underlying violation had occurred, these allegations never establish El Paso County's direct involvement in the alleged actions and instead implicitly proceed on a *respondeat superior* theory. But El Paso County "cannot be held liable for the acts of its employees on a theory of *respondeat superior*." *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188 (10th Cir. 2010). It "will only be held liable for its own acts—acts it 'has officially sanctioned or ordered.'" *Id.* (quoting

_____

[7] Mr. Carr conclusorily asserts that Mr. Zwally's conduct additionally constituted a violation of his right to be free from cruel and unusual punishment, and also a civil rights violation, harassment, discrimination, racism, a hate crime, bullying, retaliation, and a misuse of power. R. at 79, 83. But we need not credit these conclusory allegations, *Iqbal*, 556 U.S. at 678, and Mr. Carr has furthermore failed to present any argument supporting these theories on appeal. We thus do not further consider these allegations.

13

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)). Because no such allegations are made here, the claims against El Paso County must be dismissed.[8]

**IV**

Finally, because Mr. Carr has not shown "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)), we deny his application to proceed *in forma pauperis* and direct him to make full and immediate payment of the outstanding appellate filing fee.

The district court dismissed Mr. Carr's second amended complaint as legally frivolous under 28 U.S.C. § 1915A, generating one strike. *See Coleman v. Tollefson*, --- U.S. ----, 135 S. Ct. 1759, 1763 (2015) ("A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal."); *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1175 (10th Cir. 2011) (holding that "a dismissal under 28 U.S.C. § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim, the same grounds listed in 28 U.S.C. § 1915(g)"), *abrogated in part on other grounds by Coleman*, 135 S. Ct. 1759. And, because we conclude that his

---

[8]     In light of the sound legal bases for dismissal discussed in this Order and Judgment and the two opportunities to correct deficiencies that Mr. Carr had already received, we further conclude that the district court did not err in failing to grant further leave to amend. *See Kay*, 500 F.3d at 1217–18.

14

appeal is frivolous, we impose a second strike against Mr. Carr.  *See Hafed*, 635

F.3d at 1175, 1179; *Burnett v. Allbaugh*, 715 F. App'x 848, 853 (10th Cir. 2017)

(unpublished) ("Because we affirm dismissal of his complaint for failure to state a

claim, we necessarily affirm the imposition of a strike.  We also assess another

strike for taking a frivolous appeal.").[9]

## V

For the foregoing reasons, we **AFFIRM** the district court's judgment.  We

additionally **DENY** Mr. Carr's motion to proceed *in forma pauperis* and **IMPOSE**

a second "strike" under 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[9]     In the last line of their brief, appellees ask for attorneys' fees. Aplees.' Resp. Br. at 17.  This request is not properly before us, and so we decline to address it.  FED. R. APP. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, *after a separately filed motion or notice from the court* and reasonable opportunity to respond, award just damages and single or double costs to the appellee." (emphasis added)); FED. R. APP. P. 38, advisory committee's note to 1994 Amendment (providing that "[a] statement inserted in a party's brief that the party moves for sanctions is not sufficient notice"); *accord Abeyta v. City of Albuquerque*, 664 F.3d 792, 797 (10th Cir. 2011) (denying request for sanctions under this rule because party "failed to file a separate motion or notice requesting sanctions").